JOAB L. CLIFT, as Surviving Partner, etc., Respondent, *v.* GEORGE BARROW, Appellant.

P. and C. entered into a written agreement to the effect that P. might use the name of C. in the firm of P. & Co. in the business of banking; C. not to participate in the profits or losses, except that he was " to have for his share of the profits " ten per cent per annum on all deposits made by him in the office.   P. also covenanted to keep C. "harmless from all losses, debts, dues, or demands that may come against said firm," and upon dissolution of the firm P. to return to C. all of his deposits, with the ten per cent per annum.   In an action by C., as surviving partner upon a promissory note alleged to have been given to the firm, it appeared that P. and plaintiff did business under and in pursuance of the agreement until the death of P. and that the note formed part of the assets. *Held*, that the agreement, when acted upon, formed a valid partnership between the parties; that the agreement to pay the percentage was not absolute but conditional upon there being profits to that amount from which the payment could be made, and whatever sum plaintiff became entitled to under it was payable to him as profits; that plaintiff became liable for losses or debts from the moment the agreement was signed and

business done under it; that the covenants against losses and debts was not one to prevent such liability, but merely one of indemnity.

Also, *held,* that as plaintiff was not entitled to any interest unless it arose from profits, and in the absence of evidence of knowledge on his part that there were no profits on any occasion when interest was credited to him, the court properly refused to charge the jury that if it should find that the contract was a device to cover usury plaintiff could not recover.

(Argued December 19, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 21, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*M. M. Waters* and *George Barrow* for appellant. The contract relied on to prove a copartnership is not in law a contract of copartnership. (3 Kent's Com., 23, 24, 25 ; Story on Partnership, § 2 ; 1 Collyer on Partnership, §§ 2, 29 ; *Salter* v. *Ham,* 31 N. Y. 328 ; *Richardson* v. *Hughitt,* 76 id. 55 ; *Ontario Bank* v. *Hennessy,* 48 id. 345 ; *Baldwin* v. *Burrows,* 47 id. 206.) There can be no copartnership where there is not a communion of profits. (*Moss* v. *Jerome,* 10 Bosw. 223 ; *Chase* v. *Barrett,* 4 Paige, 160 ; *Everett* v. *Coe,* 5 Denio, 181, 182 ; *Heinstreet* v. *Howland,* 5 id. 68, 70 ; *Buckle* v. *Eckhart,* 1 id. 341, 342 ; 3 N. Y. 138 ; *Pattison* v. *Blanchard,* 5 id. 191 ; *Burnett* v. *Snyder,* 81 id. 555 ; *Curry* v. *Fowler,* 87 id. 33, 38 ; *Leggett* v. *Hyde,* 53 N. Y. 272 ; *Smith* v. *Bodine,* 74 id. 30 ; *Vanderburg* v. *Hull,* 20 Wend. 70, 71 ; *Richardson* v. *Hughitt,* 76 N. Y. 55 ; *Munro* v. *Whitman,* 8 Hun, 553.) The interest in profits which makes one liable *quoad* third parties, must still be an interest in profits *as such* ; a proprietary interest and such an interest as gives one the right to an accounting. (*Burnett* v. *Snyder,* 81 N. Y. 555 ; *Curry* v. *Fowler,* 87 id. 38 ; *Leggett* v. *Hyde,* 58 id. 282 ; 58 Barb. 349 ; 40 N. Y. 657 ; 3 Lans. 143 ; 58 Barb. 177 ; 40 How. Pr. 210 ; *Hollister* v. *Englehart,* 11 Hun, 446 ; *Volkening* v. *De Graff,* 12 J. & S. 424 ;

Code Civ. Pro. § 1207; *Bradley* v. *Aldrich*, 40 N. Y. 504;. *Wright* v. *Wright*, 54 id. 209; *Wright* v. *Baker*, 57 id. 209; *Arnold* v. *Angel*, 62 id. 508; *Bailey* v. *Rider*, 10 id. 363; *Barnes* v. *Quigley*, 59 id. 265; *Graham* v. *Reed*, 57 id. 681; *Wheelock* v. *Lee*, 74 id. 495; 20 Hun, 153.) Whether a transaction is a device to cover usury is a question for a jury. (*Southworts* v. *Bennett*, 58 N. Y. 659; *Gilpin* v. *Enderby*. 5 B. & Ald. 954.) The contract was an usurious contract *per se* and therefore not a contract of copartnership. (*Gilpin* v. *Enderby*, 5 B. & Ald. 945; *Morrisset* v. *King*, 2 Burr. 891; *Fereday* v. *Hordern*, 1 Jac. 144; *Morse* v. *Wilson*, 4 Term R. 353; *Hall* v. *Daggett*, 6 Cow. 657; *Colton* v. *Dunham*, 2 Paige Ch. R. 269; *Brown* v. *Vredenburg*, 43 N. Y. 198;. *Leggett* v. *Hyde*, 58 id. 272.) The written agreement is void for lack of consideration. (*Nat. Bk. of Newburgh* v. *Beyler*, 83 N. Y. 51, 61; *Gilbert* v. *Wiman*, 1 id. 550; *Kohler* v. *Matlage*, 72 id. 259, 267.) The agreement was not a partnership contract. (*Morss* v. *Gleason*, 64 N. Y. 204.) The relation between the parties in case of any liabilities arising from the use and against the intention of the parties is. to be that of principal and surety. This is the legal effect of the covenant to save Clift harmless from all debts, dues, demands, etc. (*Millard* v. *Thorn*, 56 N. Y. 402; *Morse* v. *Gleason*, 64 id. 204; *Colegrove* v. *Tallman*, 67 id. 95; *Gilbert* v. *Wiman*, 1 id. 550.) The relation of debtor and creditor arises from the use in the agreement of the word "deposits." (46 N. Y. 82.)

*William G. Tracy* for respondent. Under the agreement of January 1, 1871, Clift and Pardee became partners *inter sese*. (*Salter* v. *Ham*, 31 N. Y. 321; Parsons on Part. 41, 54, 58; 1 Lindley on Part. 20; Collyer on Part. § 18; *Gilpin* v. *Enderby*, 5 B. & Ald. 954; *Fereday* v. *Horndern*, Jac. 144.) The acts done under the agreement show that the parties construed it as an agreement of partnership. (*Poillon* v. *Secor*, 61 N. Y. 456; Laws of 1883, Chap. 281; 1 Lindley, 50; *Martin* v. *Gray* 14 C. B., N. S. 824; *Maddock* v. *Marshall*,

16 id. 387; 17 id. 829; Parsons on. Part. 119; *Gilpin* v. *Enderby*, 5 B. & Ald. 954; *Fereday* v. *Horndern*, Jac. 144.) If Clift and Pardee were not partners *inter sese* they were such as to the defendant and all other persons dealing with the firm. (*Peacock* v. *Peacock*, 2 Camp. 45; *Smith* v. *Sherwood*, 10 Jur. 213; *Guidon* v. *Robinson*, 2 Camp. 302; *Bond* v. *Pittard*, 3 M. & W. 357; *Kelly* v. *Scott*, 49 N. Y. 595; *Poillon* v. *Secor*, 61 id. 456.) The defendant is a party in privity with the personal representatives of Pardee, and equally estopped with them from denying the existence of the partnership. (*Jackson* v. *Hunter*, 4 Johns. 202; *Jackson* v. *Bush*, 10 id. 223; *Leach* v. *Kelsey*, 7 Barb. 466.) Clift having assumed and paid the firm debts, became subrogated to the rights of the firm creditors, and the assignee of their lien upon and title to this note. (*Townsend* v. *Whitney*, 75 N. Y. 425; *Vose* v. *Florida R. R. Co.*, 50 id. 369; *Cory* v. *Leonard*, 56 id. 494; *Hastings* v. *McKinley*, 1 E. D. Smith, 273.) The court did not err in charging that the question whether the contract was usurious, was not a question arising in the case at all. (*Madison University* v. *White*, 25 Hun, 490; *Williams* v. *Tift*, 36 N. Y. 319; *Ohio & M. R. R. Co.* v. *Kasson*, 37 id. 218.) The court did not err in refusing to charge that the contract may have been a device to cover usury; and as matter of law is usurious "*per se.*" (*Gilpin* v. *Enderby*, 5 B. & Ald. 954; *Morrissett* v. *King*, 2 Burr. 891; *Fereday* v. *Horndern*, 1 Jac. 144.)

PECKHAM, J. This is an action brought by the plaintiff, who alleges that he is the surviving partner of the firm of C. Pardee & Co., against George Barrow, the maker of a promissory note dated the 1st of January, 1877, payable one year after date, to the order of C. Pardee, who died on or about the 9th of April, 1878, without having indorsed it. The plaintiff claims that the note is a part of the assets of the firm of C. Pardee & Co., and that he is the survivor of that firm. The defendant put in a general denial.

*First.* Upon the trial the plaintiff, for the purpose of sus-

taining his claim to be the survivor of the firm of C. Pardee & Co., put in evidence the following paper:

"Mem. of an agreement made between Charles Pardee, of Skaneateles, and Joab L. Clift, of Sennett, in the county of Cayuga.

"It is hereby mutually agreed by and between the said parties, that the said Pardee to use the name of the said Clift in the firm of C. Pardee & Co., in the business of banking in Skaneateles; that said Clift is not to participate in the profits or losses of the said firm, except that the said Clift is to have for his share of the profits ten per cent per annum for all deposits he may make in said banking office from time to time. The said Pardee doth hereby covenant to and with said Clift to keep him harmless from all losses, debts, dues or demands that may come against said firm of C. Pardee & Co.; and it is hereby agreed and understood between the said parties, that the said partnership is to continue so long and no longer than is quite agreeable to both parties, each party having the privilege of dissolving the said firm at any time he may choose, the said Pardee returning to said Clift all his deposits in the said banking house, with ten per cent per annum, payable semi-annually. This agreement to bind the heirs and assigns of the respective parties.

Witness our hands and seals this 31st day of December, 1870.

"C. PARDEE, [L. S.]
"J. L. CLIFT, [L. S.]"

He also gave evidence tending to prove that Pardee and himself, after the execution of this agreement, did business under and in pursuance of it; that the business was done by Pardee, but under this agreement, and that there was no other agreement between them. The evidence was sufficient, if believed, to show that under that agreement, from the time of its execution until the death of Pardee, the business of C. Pardee & Co., was transacted. Evidence was also given tending to show that this note formed part of the assets of that firm, if the fact of the partnership were established; and the case was submitted

to the jury upon these two questions: (1.) Whether the parties had acted under the agreement above set forth; and (2.) Whether this note was part of the assets of the firm. The jury in finding a verdict for the plaintiff necessarily found both of these issues in his favor, and the first question which arises here is whether the paper above set forth can be properly construed as forming a partnership between the plaintiff and Pardee.

We think it can. In the first place the intention to form a partnership seems to be plain. That intent while not controlling is still important in the examination and consideration of the paper executed by the parties, and which is claimed to amount to an agreement for the formation of a partnership between them. There is a mutual agreement that Pardee is to use the name of Clift in the firm of C. Pardee & Co. in the banking business at Skaneateles. That must mean that Pardee and Clift are to enter into partnership to that effect. The plaintiff must be taken to have known that by the agreement thus made, when acted upon, and when his name was therefor used with his consent as one of the firm, that he thus became liable for the debts of the firm created under this agreement from the time of its execution and the entering into the business of the firm under it. The plaintiff thus contributes to the firm his name and his liability to pay the debts thereof. It is then provided that Clift is not to participate in the profits or losses of the firm. That expression is, however, immediately explained by stating that he is to participate in the profits, and the amount of such participation is to be measured by ten per centum upon all deposits that he may make in the banking office of this firm, from time to time. Looking at the whole instrument it fails to show that plaintiff is not to participate in the profits; but the language used is simply another way of expressing the idea that the profits which Clift is to be entitled to from this firm are to be measured by the amount of ten per cent upon such deposits as he may from time to time make in the banking house. And it does not mean that he is to receive this ten per centum .

upon all his deposits in case the profits of the concern should not amount to that sum; but the clear idea to be obtained from the language used is that his share of the profits is to be measured by this ten per cent, provided there have been profits to that amount from which such payment made be made. The promise of Pardee to return to plaintiff, upon the dissolution of the firm, the deposits made by him in the banking house, with ten per cent, etc., must be also construed as based upon the same condition (implied from the language used), that the profits shall equal the ten per cent. If there are no profits then the only obligation is to return the deposits, and that obligation is simply a debt from Pardee to the plaintiff. A condition of there being profits is thus attached to the payment of the ten per cent, both during the existence of the firm and subsequent to its dissolution.

It is claimed, however, on the part of the defendant that the agreement of Pardee whereby he covenants with the plaintiff to keep him harmless from all losses, debts, dues or demands that may come against said firm of C. Pardee & Co., shows that there never was any partnership entered into between the two. It is argued that there was no right to claim profits *as profits* under this agreement, and that there was no liability for losses sustained by the firm because of this agreement to indemnify made by Pardee. In regard to the profits we have already spoken; as to the losses the plaintiff was liable from the moment the agreement was signed and business done pursuant to it for all the debts that might be contracted in the course of the transaction of the firm business. The covenant was not one to prevent the existence of any liability on the part of the plaintiff, but it was a mere covenant to indemnify and save harmless the plaintiff from all losses, debts, dues or demands that might come against the firm. The result of this agreement is that the plaintiff hazarded his property in the venture with Pardee, and it is no answer to claim that he was never entitled to any profits, as profits, because he made no agreement and was under no obligation

to make deposits with the firm. That was simply the mode pointed out by the agreement by which his share of the profits was to be determined, and it was in no sense a provision that he should not be entitled to profits as profits.

*Second.* Coming as we do to the conclusion that this agreement formed, when acted under, a partnership between these two individuals, and also that there was evidence upon which to find that the note in suit was a portion of the assets of the firm, the main question in dispute is disposed of.

The court was asked to charge the jury, that if it should find from the evidence, that this contract was a device to cover usury between the parties to it, then the plaintiff in this action cannot succeed. The court refused and the plaintiff excepted. In this we think there was no error. Construing this contract as we do, the fact appears that the plaintiff put his whole property at the hazard of the successful termination of the business of this firm, with no right to any interest unless it arose from profits; and that the money which he deposited was, as we have stated, simply a measure upon which to compute the ten per cent for his profit arising from the banking business, provided for in the contract of partnership. There was no evidence in the case upon which to predicate any allegation of this instrument being used as a device to cover usury, assuming that, if such device did exist it might be proved without having been alleged as a defense in the action. So long as by the terms of the instrument he was not entitled to interest, unless the profits were enough to pay it, we see no basis for submitting any question of usury to a jury. There is no evidence that the plaintiff had the least knowledge of there having been no profits upon any occasion when the interest was credited to him. He took no part in the management of the firm business, and was ignorant of how it stood financially. The court committed no error in its refusal to charge as requested.

*Third.* The point taken by the learned counsel for the defendant that the written instrument is void for lack of consideration cannot be sustained. It is based upon very tech-

nical reasoning, and upon a construction of the instrument which, we believe, has no foundation.

He claims that the agreement on the part of Pardee to keep Clift harmless from all debts, dues or demands that may come against the firm of Pardee & Co. is an agreement that is broken the moment a liability of the firm is incurred; and that as the only benefit that could arise to Pardee & Co. from the use of Clift's name in the firm, must be the credit the name would add, by giving the opportunity to create obligations or liabilities on the faith of the name, yet the effect of the agreement is to deprive Pardee of all such use of the name as might result in the creation of obligations, and is, therefore, to deprive him of all benefits from such use. We think that no such construction is sound and no such result follows. As we have said, the contract is one to indemnify the plaintiff and save him harmless against losses; and it is not a covenant to prevent the creation of a liability on his part to the creditors of the firm of C. Pardee & Co. In other words damage must first ensue before this contract comes into force.

We think that the decisions of the Circuit and of the General Term were right and that the judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., not sitting.

Judgment affirmed.