JOHN P. MAGOVERN et al., Appellants, *v.* EVOLIN B. ROBERTSON et al., Respondents.

Persons having a proprietary interest in a business and its profits are liable as partners.

In an action to recover for goods sold, wherein it was sought to charge the defendants as partners, it appeared that the defendants entered into an agreement which stipulated that R. should put a stock of goods of the value of $3,000, in a certain store, to be replenished from time to time as it run below that amount, and that the other defendants should indorse the notes of R. to the amount of $2,000 to be used in the business, they to do what they reasonably could to make it a success, and to have an interest in the goods in the store equal to the amount of their indorsement, subject, however, to no liability except such indorsement. At the end of the year an inventory, it was provided, should be taken, the net profits ascertained and one-third thereof paid to said other defendants "in consideration of their indorsement and their general interest in the business." The business contemplated was thereafter carried on under the name of the "Busti Union Store." *Held*, that defendants were liable to creditors as partners.

The cases, holding that a person entitled to a share of profits of a business in payment for services simply, or as a compensation for moneys advanced, cannot be charged as a partner, distinguished.

(Argued June 6, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made April 17, 1886, which affirmed a judgment in favor of defendants, entered upon the report of a referee.

This action was brought to charge defendants, as partners, for goods alleged to have been sold to the firm.

On April 30, 1881, the defendants entered into the following contract : " Memoranda of an agreement made and entered on this 30th day of April, 1881, by and between Evolin B. Robertson, of the village of Mayville, Chautauqua county, N. Y., of the first part, and M. Mattison, W. B. Martin, C. H. Johnson, Oren Stoddard, James Moon, W. Holt, A. C. Pickard, R. D. Bush, H. D. Stoddard, W. Northrop, Jr., D. H. Matthews, John Northrop, A. M. Rinehart, Jackson & Hollenbeck, W. H. White, A. W. Smith, Mark Jones, J. H. Wood, J. W. Broadhead, of the town of Busti, said county, of the second part, witnesseth, that for and in consideration of the covenants hereinafter expressed, the said party of the first hereby covenants and agrees to and with the said parties of the second part to put a stock of dry-goods, groceries, hats, caps, boots and shoes, etc., in what is known as the John R. Robertson store building, situate in Busti village, said stock to be at least of the value of three thousand dollars, to be replenished from time to time as it runs below that amount, the said party of the first part to procure the services of John R. Robertson to manage said store and devote his time thereto to the interests of the business; the parties of the second part agree to indorse the paper of the said party of *the first part to the amount of* $2,000, *which sum is to go into the business, and the said parties of the second part are to have an interest at all times in the goods in said store to the amount of their indorsement, subject, however, to no liability except such indorsement.* At the end of one year the party of the first part is to cause an invoice of the goods on hand *to be taken in the presence, if so required, of two of the parties of the second part, and the net profits of said* business, including all commissions received for buying hides, butter, cheese, wool and other produce received by said manager, and after deducting insurance on goods, fuel, lights, additional clerk

hire, freights and other necessary expenses of the business, to be divided as follows: Two-thirds of said net profits to belong to the party of the first part in consideration of her capital .and management of said business through said J. R. Robertson, and the use of said store building, *and the other one-third of said net profits are to be paid to the said parties of the second part* pro rata *in consideration of their said indorsement and their general interest in the business.* It is further stipulated by and between the said parties that at any time previous to the expiration of said year, when a majority of the parties of the second part shall make a request in writing to that effect, the party of the first part shall cause an invoice of the stock of goods on hand to be taken in the presence of two of the parties of the second part, and if it be ascertained that the business is sustaining any considerable loss, and the said parties of the second part so demand, the party of the first part shall turn over sufficient amount of said goods to secure said parties of the second part against any liability on account of said indorsement, or relieve said parties of the second part from said indorsement, by causing said indorsed paper to be ·canceled. And it is further agreed by and between the parties that if, at the end of one year, it be ascertained that there has been a profit in said business, and the party of the first part so require, the provisions of this agreement shall extend another year, but if the party of the first part desires to con- ·tinue said business without the aid of said indorsement, then this contract from and after that date becomes abrogated. Said parties to this contract are to do what they reasonably can to make said business a success.

"In witness whereof, we have hereunto set our hands and seals this 29th day of April, 1881."

Pursuant to this contract, on the 7th day of May, 1881, Evolin B. Robertson made her promissory note for $2,000, payable to the order of J. R. Robertson, at the First National Bank of Jamestown, which was indorsed by all of the defend- ·ants except David H. Matthews. This note was discounted .by said bank, and the avails thereof credited to the "Busti

Union Store." The note was twice renewed, the renewals being indorsed by most of the defendants.

Between May 7, 1881, and December 16, 1881, the business established by the contract was carried on under the name of the Busti Union Store, at the place and under the management as stipulated in the contract. From time to time goods were purchased with the avails of the discounts and upon credit. During this time the plaintiffs, who were merchants, doing business in the city of New York, sold upon credit and delivered to the Busti Union Store goods of the value and at the agreed price of $1,217.62, to recover which this action was brought against the signers of the contract.

*William H. Henderson* for appellants. In the contract in suit there are all the elements of a partnership *inter sese.* (*Clift* v. *Barrow*, 108 N. Y. 187; *Ward* v. *Thompson*, 22 How. [U. S] 330, 334; *Leggett* v. *Hyde*, 58 N. Y. 272; *Manhattan B. & Mfg. Co.* v. *Sears*, 45 id. 797; *Ontario Bk.* v. *Hennessey*, 48 N. Y. 545; *Haas* .v. *Roat*, 16 Hun, 526; 26 id. 632.) The fact that the defendants defending, parties of the second part in said contract, are to be subject to no liability other than such as they incurred by their indorsement, is immaterial in considering the question as to whether the relation between the said parties to said contract is a copartnership relation. (*Clift* v. *Barrow*, 108 N. Y. 187, 191; *Walden* v. *Sherburne*, 15 Johns. 409; *Haas* v. *Roat*, 26. Hun, 632; 16 id. 526; 1 Bates' Law of Part. § 56; Collyer on Part. [3d Am. ed.] § 18.) The provision as to losses does not in any way tend to establish that the relation of the parties was not a partnership relation. (Collyer on Part. [3d Am. ed.] § 18; Gow on Part. [3d ed.] 231, 234; *Robbins* v. *Fuller*, 24 N. Y. 570.) It is the body of the contract that determines who the contracting parties are. (*Whitford* v. *Laidler*, 94 N. Y. 145.) It would hardly be necessary to stipulate that partners should have an interest in the partnership assets remaining at the time of dissolution. (*Robins* v. *Fuller*, 24 N. Y. 570; *Bennett* v. *Buchan*, 61 id. 222.)

*A. C. Pickard* for respondents. The contract signed by the defendants does not make the parties thereto copartners either among themselves or as to third parties. (*Richardson* v. *Hewitt,* 76 N. Y. 59. *Curry* v. *Fowler,* 87 id. 33; *Cassidy* v. *Hall,* 97 id. 159; *Burnett* v. *Snyder,* 81 id. 550.) The contract in the evidence either never had a legal existence or A. A. Stoddard was a party thereto and should have been joined as defendant. (Code Civ. Pro. § 448; *Wooster* v. *Chamberlain,* 28 Barb. 602; *Whitford* v. *Laidler,* 94 N. Y. 151.) If a person sign a contract when his name does not appear in the body of the contract, he is, nevertheless, a party thereto. (*Ex parte Fulton,* 7 Cow. 483; *Thomas* v. *Gumaer,* 7 Wend. 43; *Perkins* v. *Goodman,* 21 Barb. 220.) The goods having been purchased by Chaffee, the agent of the plaintiffs, with a full knowledge of the contract, including that portion which limits the second party's liability, they could not recover of these defendants even if the parties thereto were copartners. (*Livingston* v. *Roosevelt,* 4 Johns. 251.)

FOLLETT, Ch. J. Persons having a proprietary interest in a business and in its profits are liable, as partners, to creditors, (*Manhattan Brass and Man. Co.* v. *Sears,* 45 N. Y. 797; *Leggett* v. *Hyde,* 58 id. 272, 278; *Mason* v. *Partridge,* 4 Hun, 621; affirmed, 66 N. Y. 633; *Burnett* v. *Snyder,* 81 id. 550, 555; *Ontario Bk.* v. *Hennessey,* 48 id. 545; *Berthold* v. *Goldsmith,* 24 How. [U. S.] 536, 541; *Haas* v. *Root,* 16 Hun, 526; 26 id. 632; *Rosenfield* v. *Haight,* 53 Wis. 260; 40 Am. Rep. 770.)

It is stipulated in the contract that the parties thereto should do what they reasonably could to make the business a success, that the defendants should have an interest in the goods in the store equal to the amount of their indorsement, and that at the end of the year an inventory should be taken in the presence of two of the defendants, the net profits ascertained and one-third of them paid to the defendants "in consideration of their said indorsement and their general interest in the

business." Every one of the signers had a right to require that the assets of the business should be applied in payment; (1) of the debts of the business; (2) of the sums contributed by each; (3) of the sum due each for profits earned. An execution creditor of Mrs. Robertson (the debt not having been contracted in the business) could not, by a levy upon the goods, have acquired a lien prior to the equitable lien of the defendants, to have had them applied in payment of the debts of the business, and of the amount put into the business directly, or by way of their indorsements. Such being the rights of the parties to the contract, they had a proprietary interest in the business and in its profits, and are liable for the amount due the plaintiffs.

The cases holding that a person entitled to a share oɪ the profits of a business in payment for services rendered, or as a compensation for money advanced, cannot be charged as partners, are not in point. The distinction between the rights and liability of persons so situated, and the rights and liabilities of persons having a proprietary interest in the assets and profits of a business, has been clearly drawn by the cases decided in the courts of this state. The case at bar cannot be distinguished in principle from *Mason* v. *Partridge* (*supra*).

The stipulation in the contract, that the defendants should not be liable beyond their indorsement, limits their liability as between them and Mrs. Robertson; but under the findings it does not exempt the defendants from liability for the plaintiff's claim.

It is quite apparent that the defendants knew that the business which they initiated was conducted under the name of the Busti Union Store, and not under the name and on the credit of Mrs. Robertson.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment reversed.