JOSEPH H. WILCOX *et al.*, Respondents, *v.* HARRIET PRATT, Appellant.

*Court of Appeals, Dec. 2, 1890.*

Aff'g 52 Hun, 340.

1. *Partnership. Equity.*—A contract by, and in pursuance of which, the parties engage in a joint enterprise is to be enforced, and the rights and liabilities of the parties determined, upon the same principles, as are applied by courts of equity to partnership transactions.

2. *Same.*—The fact that one of the parties to such a contract, or to a partnership contract, has transferred an interest in it to another, does not affect his right to maintain an action for specific performance; to such an action, the assignee is a proper, if not a necessary, party.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a decision of the court at special term.

*Walter Ballou*, for appellant.

*C. D. Adams*, for respondents.

O'BRIEN, J.—The appeal in this case does not present any question of law, unless it be the right of a party to maintain such an action upon the facts found. On the 3d day of October, 1885, the defendant, being the owner of about 15,000 acres of wild land in Herkimer county, entered into a contract in writing with the plaintiff Wilcox, whereby Wilcox agreed to pay to the defendant the sum of $5,000. That the parties to this agreement shall immediately proceed to cut, remove, sell and dispose of all the sawing timber, both hard and soft wood, bark, spars, and spiles on said tract, and convert the same into money as soon as may be in the ordinary course of business. That all expense incurred in cutting, removing, selling and disposing of such timber, bark, spars, and spiles, together with interest on all moneys received as advances and all indebtedness incurred connected with or growing out of said business, including all taxes, shall be paid in full from the proceeds of such sales, and when these sums were paid in full, together with the sum of $26,000, with interest from that date, out of the proceeds of the sale to the defendant, then she would convey an undivided half of the land to Wilcox, and that he was to receive no part of the proceeds of the sales until these sums were fully paid. The defendant was to advance the sum of $20,000 in cash or credit for the purpose of carrying on the business, to be reimbursed to her, with interest, in the same manner as the sums before mentioned were to be paid. It was further agreed that if there remained any balance from the proceeds of the sales after paying these sums, it should be divided between the parties to the contract, equally. The plaintiff Wilcox paid the sum of $5,000, and the parties thereupon entered upon the performance of the contract, purchased the necessary tools,

and implements for the business, adopted the firm name of Pratt & Wilcox, and entered upon the business contemplated in the agreement, the defendant advancing certain moneys, the amount of which is not stated, and other moneys for the same purpose were borrowed on the credit of the firm, the whole sum so advanced and borrowed amounting to $25,000, besides $2,000 furnished by Wilcox individually.

The money received from the business was paid to the defendant, who was not in a condition, and it was not contemplated that she should give any personal attention to the business, but her son acted for her as her agent, and the plaintiff attended to it personally.   On the 12th of January, 1888, the defendant, without the knowledge or consent of the plaintiff, published a notice that the partnership " heretofore existing between Harriet Pratt and John H. Wilcox has been dissolved, and the business will hereafter be carried on by the undersigned, with whom all settlements should be made," such notice being signed by defendant. At this time, or at all events when the suit was commenced, a large amount of timber, lumber, logs and other property had been produced and sold, and a large amount on hand, amounting to about $74,000, and a large sum was due the firm for property sold.   In this condition of things this action was commenced for an accounting and for a specific performance of the agreement to convey the land on the part of defendant and for the appointment of a receiver. The trial court held that there was a partnership for the purpose of prosecuting the business entered into between the plaintiff and defendant, that by the publication of the notice of dissolution and the subsequent acts of the defendant in excluding the plaintiff from the possession of the partnership property and from participating in the business the agreement was violated to the plaintiff's injury, and that he was entitled to have a receiver appointed and to have the account stated and adjusted and the business closed, and judgment was entered accordingly, which was affirmed at

the general term. Before the commencement of this suit, and in the early part of January, 1888, the plaintiff Wilcox assigned to the plaintiff Warner Miller one-half his interest in the contract, to the end that the assignee should receive the same when the contract was performed and the deed of the land given, and the assignor bound himself to perform the contract, and, at the same time, he assigned to said Miller the other half as collateral security to certain dealings between them, binding himself to Miller to perform the contract.

It is not necessary to inquire whether there was a partnership between the parties in the technical legal sense of that term. Whether it was a partnership or a joint enterprise, the contract is to be enforced, and the rights and liabilities of the parties determined, upon the same principles as are applied by courts of equity to partnership transactions. King *v.* Barnes *et al.*, 109 N. Y. 267; 15 N. Y. State Rep. 52. Whatever the effect of the publication by the defendant of the notice of dissolution was, it must be assumed that it terminated the joint action of the parties in the further prosecution of the joint enterprise. The plaintiff was thereby excluded, so far as such a proceeding could exclude him, from participating in the prosecution and management of the business. He was interested in the joint property and assets in possession of the defendant, and was liable upon the debts and obligations contracted by the firm in the prosecution of the business. The fact that he had transferred an interest in the contract to another did not affect his right to bring the action, though it may have complicated the situation. The disagreement of the parties engaged in the joint business, and the complicated condition in which this disagreement left the property rights and interests of the plaintiff, furnished a sufficient reason for invoking the jurisdiction of equity to protect and adjust the rights of all parties, and Miller, and assignee of plaintiff, was a proper, if not a necessary, party to the action. We have examined the exceptions to the findings and rulings of the trial court taken