Upon the strength of this assertion, viz. that the court would not have annulled the marriage because of the absence of a uterus, and, notwithstanding the marriage was annulled for incapacity, this case seems to have been quite generally adopted as leading authority for the proposition that our law regards copulation, and not procreation, as the legitimate object of matrimony, and as the only consideration involved in actions based on physical incapacity. But the counsel for the defendant has not been able to cite a single case, nor have I found one, where the court refused to annul a marriage, the defendant being without organs of procreation. The reasoning of Dr. Lushington in Deane v. Aveling is not satisfactory, and, the case not being authority on the question at issue here, I hold that, within the meaning of our statute, a person destitute of child-bearing organs is physically incapable of the chief and higher purpose of matrimony, and consequently of entering the marriage state.

It follows, also, that in concealing from the husband the fact and the extent of her misfortune, the defendant procured his consent to marry her by fraud. Her statement that she was physically and mentally healthy was made in reply to his inquiry whether she was physically and mentally capable of being a wife, and good faith required that she should have then disclosed the fact that the surgical operation involved the removal of the ovaries. Had the plaintiff married her with that knowledge, he would, of course, be estopped from action because of her physical condition. But it would be repugnant to justice to enforce a contract entered into by one who is ignorant of the fact that the other has been rendered incapable of fulfilling its conditions, which fact has been concealed by the delinquent party, and could not have been ascertained by independent inquiry. On the grounds stated, the plaintiff is entitled to a decree.

Decree for plaintiff, without costs.

(25 App. Div. 182.)

## In re SHELDON.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

ASSIGNMENT OF PARTNER—PROOF OF CO-PARTNERS CLAIM.

> One partner cannot maintain an action at law to recover an alleged balance due from his co-partner, until there has been a settlement or adjustment of their accounts, and therefore, where the one sought to be charged makes an individual general assignment for the benefit of his creditors, no such claim can be proved upon the accounting of the assignee before a referee, for the referee has no equitable jurisdiction to pass upon such questions.

Appeal from special term.

In the matter of the final accounting of George R. Sheldon, as assignee of William H. De Forest, under a general assignment for the benefit of creditors. From an order overruling exceptions to a referee's report, and confirming said report, one Mowbray appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

H. Parsons, for appellant.

A. Jaretzki, for respondent.

VAN BRUNT, P. J.    In 1886 one William H. De Forest was the owner of certain unimproved lots in the city of New York, and certain building contracts were entered into between him and the appellant, Mowbray, for building certain houses on part of said property.    In February, 1887, after the work on said houses had progressed, and had ceased in consequence of the cold weather, a new agreement was entered into between Mowbray and De Forest under which De Forest conveyed to Mowbray the lots upon which said houses were in process of erection, and 10 other similar lots opposite, upon which 12 more houses were to be erected.    The consideration expressed was $100,000, for which Mowbray gave back a purchase-money mortgage.    All contracts and operations in respect to the completion of the houses already begun and the building of the new houses were to be made in Mowbray's name, and he was to take care of the construction, and practically to build, the houses.    De Forest was to provide the necessary capital for the venture.    It was understood that Mowbray should, from time to time, as occasion required, execute mortgages, which should be negotiated by De Forest, for the purpose of providing funds for use as the work progressed.    When the houses were finished and sold, the profits were to be equally divided.    Early in 1887 work was resumed on the unfinished houses, and was started on the new houses. All contracts were made by Mowbray in his own name, and from time to time he made payments on account by drafts accepted by De Forest, or notes with De Forest's indorsements.    Prior to the giving of the deed, Mowbray had advanced $800 of his own money in the erection of the buildings then under construction; but put no cash into the adventure after the giving of the deed.    He contributed his work as architect, including the original plans, specifications, and working drafts, and supervised the work from the time when it was originally started—about July, 1886—to January, 1888, when De Forest made an assignment to the respondent herein, George R. Sheldon, for the benefit of his creditors.    This arrangement clearly constituted Mowbray and De Forest co-partners as between themselves.    The work of construction progressed, Mowbray making mortgages upon the premises, and De Forest negotiating them, and thus providing money for the adventure, until the assignment of De Forest as above stated.    Upon the filing of the schedule and account of the assignee of De Forest, it appeared that some of the mortgages, or their proceeds, were used by De Forest to pay other debts than those contracted under this co-partnership. The assignee having been ordered to account before a referee, the appellant, Mowbray, presented a claim and amended claim, alleging misappropriation by De Forest of co-partnership moneys, and also damages because of the breach of the contract between himself and De Forest, and claiming that there was justly due and owing to him from De Forest, for these reasons, over $137,000.    The referee refused to allow the claim of Mowbray, and, having made his report,

to which Mowbray excepted, the exceptions were overruled, and the report confirmed; and from the order of confirmation this appeal is taken.

It is conceded that, as far as the claim for loss of profits arising from the breach of the contract of co-partnership is concerned, no recovery can be had in this proceeding. It is, however, insisted that Mowbray can recover back the amount of the funds of the co-partnership which were diverted by De Forest from the partnership business, and used by him for his own individual account as disclosed by the schedules and accounts of the assignee. It is apparent that no claim can be proved before the referee in an assignee's accounting unless it is one upon which an action at law might be maintained against the assignor. It is also well settled that one partner cannot sue another for an alleged balance due him from his co-partner arising out of the partnership affairs, unless there has been an account stated between the parties, and a promise to pay upon the part of the partner sought to be charged. Hughes v. Smither (decided by this department December 31, 1897) 49 N. Y. Supp. 115, and cases there cited. While, undoubtedly, the appellant might maintain an action for an accounting against De Forest and his assignee, it is clear that he could maintain no action at law to recover any alleged balance due by De Forest until there had been a settlement of the accounts between the partners. It is not claimed that the indebtedness of De Forest to the adventure has been settled by any legal proceeding, or by voluntary accounting. It is urged, however, that in the schedules and accounts of the assignee it is admitted that De Forest has diverted certain of the funds which ought to have been applied to the payment of the co-partnership indebtedness. But this amount the appellant could not recover in an action at law against De Forest, as the equities between the partners cannot be settled in that way. It must be by an action in equity, and a referee in an assignee's accounting has no equitable jurisdiction to pass upon questions of this character. Whatever, therefore, may be the ultimate equities between the appellant, Mowbray, and De Forest, we do not think that they can be settled in this proceeding. That must be done in an action in equity against De Forest and his assignee for the settlement of the co-partnership accounts. In such an action the rights of all parties can be protected, and, whatever equitable right Mowbray may have, can be enforced.

The order should be affirmed, with costs.  All concur.