CLARK v. RUMSEY et al.

(Supreme Court, Special Term, Niagara County.    June 27, 1898.)

1. PARTNERSHIP—WHAT CONSTITUTES—SHARING PROFITS.
     A subscription agreement to drill for gas, providing that all the sub-
  scribers were to be sharers in the profits, proportioned to the sum sub-
  scribed, constitutes the subscribers partners inter se.
2. SUBSCRIBERS—JOINT LIABILITY.
     Subscribers to an agreement to drill for gas and share the profits are
  liable jointly for the acts of their executive committee, which existed with
  the approval and authority of the subscribers, in employing third persons
  in such work, who relied on said agreement, even though not considered
  as co-partners, in the strict sense.

Action by William F. Clark, executor, against Bronson Rumsey
and others.    Judgment for plaintiff.

Hickey & Morris, for plaintiff.

Wilcox & Miner, Geo. C. Miller, Henry S. Thayer, Theodore Wende,
Cary & Wallace, and Baker, Schwartz & Dake, for various defend-
ants.

SPRING, J.    It is unimportant to determine what the relations of
the defendants are among themselves.    The agreement was made to
exploit for gas, and it was consummated, after notice to all the par-
ties, by the election of officers, the designation of a company name,
and the selection of a committee, who were to be the executive man-
agers in the development of the enterprise foreshadowed in the chart,
which all subscribed.    The executive committee, thus pushed into
existence with the approval and authority of the defendants, agreed
with Sutton to drill the well a certain depth.    Clearly, this commit-
tee possessed the power to make this agreement.    The formation of
the company, and the election of the committee, were made after
notice to each defendant, so none can be heard to disown his off-
spring.    The subsequent agreements were made with Sutton by the
same committee for the prosecution of the same line of work which
was the basis of the original agreement of the defendants among
themselves.    That some of the defendants failed to respond, or to
attend meetings, or to assent to the continued prosecution of the
work, constitutes no defense against Sutton, who was earning his
money, relying upon their liability to pay him.    The subscription
agreement provided that all the subscribers to it were to be sharers
in the profits in proportion to the respective sums subscribed, and
that is sufficient to constitute them partners inter se.    Clift v. Bar-
rows, 108 N. Y. 187–193, 15 N. E. 327; In re Sheldon, 25 App. Div.
182, 49 N. Y. Supp. 377; King v. Barnes, 109 N. Y. 267–285, 16 N. E.
332; Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091.    But in any event
that agreement established a joint liability among its subscribers in
favor of third persons who expended money or did labor fairly within
its compass, and in reliance upon it.    Colly. Partn. § 78 et seq.;
Story, Partn. §§ 60–63; Manufacturing Co. v. Sears, 45 N. Y. 797;
Haas v. Roat, 26 Hun, 632; Magovern v. Robertson, 116 N. Y. 61,
22 N. E. 398; Mason v. Partridge, 4 Hun, 621.    It is no sort of con-

sequence whether or not they were co-partners, in the strict sense of that relation. They joined together to drill for gas, and in the execution of that design they are liable jointly to third persons.