## ZABRISKIE v. COATES et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. PARTNERSHIP—CONTRACTS—CORPORATIONS.

One brother held the title to land, in which another brother had an interest, and for the purchase and improvement of which the funds of both were jointly used. The title owner contracted for the construction thereon of fences, buildings, and a race track, and thereafter a fair association was incorporated, the brothers dividing the stock they took according to the amount each had put into the venture, and the indebtedness contracted for the improvements prior to incorporation. The land was conveyed to the corporation after the contract was made, and the deed recited that the corporation was to receive the property subject to certain mortgages, and was not to be charged with any other liability. *Held*, that as to the contractor the brothers were liable as partners, whether there was any agreement of partnership or not.

2. SAME—EVIDENCE—DECLARATIONS OF OFFICERS.

In an action to hold members of a corporation as partners, it is incompetent, as proving that defendants were acting as officers of the corporation, and not as individuals, to show their acts and declarations in connection with their duties, in the absence of plaintiff.

Appeal from judgment on report of referee.

Action by Thomas G. Zabriskie against Arthur R. Coates and Joseph S. Coates. There was a judgment for defendants, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

John J. Beattie, for appellant.
J. W. Gott, for respondents.

HATCH, J. The plaintiff brings this action to recover for work, labor, and material, claimed to have been furnished by him under a contract with the defendants as co-partners, for the erection of a club house upon the property of the defendants, and also to recover upon certain assigned claims for work, labor, and services performed upon the same property by the assignors. The referee held that the defendants were not, at the time of the rendition of the work and the furnishing of the materials, either by the plaintiff or the other persons, co-partners, and, consequently, that no liability existed against them as such on account of any claim held by the plaintiff; and, based upon this finding, dismissed the plaintiff's complaint, with costs. The undisputed proof in this case, furnished by the defendants themselves, clearly established the existence of such relations as charge them with liability as partners, if the facts upon which the plaintiff's claim is based, and that of his assignors, have sufficient proof to establish the performance of the work and labor and the furnishing of the materials, as claimed by him. It appears from the testimony of both defendants, who are brothers, that they had inherited some property from their father, and also from a cousin; that the defendant Arthur R. Coates was the trustee of the latter estate, with authority to hold and disburse the funds thereof; that at the time of the making of the contract with the plaintiff, Arthur R. Coates held in his own name two certain tracts of land, in which his brother had an interest, and for the purchase and improvement of which the funds of both have been jointly used. While the property was so held in the name of Arthur, he caused to be constructed upon the same certain fences, buildings, and a race track; it being the evident contemplation of the defendants at that time to construct a fair ground, with a race track and suitable structures thereon for the purpose of making use of the same as a place for holding agricultural fairs and horse races. This scheme was carried out by the organization of a corporation known as the Northern New Jersey Fair Association of Paterson, N. J., the incorporators being the two defendants and one Thomas S. Hoxey. The certificate organizing this corporation, and the amendment thereof, were duly filed in the proper office on the 12th day of August, 1889, and the articles provided that it commence business on the 10th day of September of that year. Subsequently, upon the election of officers, Arthur R. Coates was elected president and treasurer, and Joseph S. Coates secretary, and both of them, with T. S. Hoxey, were elected directors. 4,980 shares of the stock of the corporation were issued to Joseph S. Coates, 5,000 shares to Arthur R. Coates, and 20 shares to T. S. Hoxey; and between August 9 and October 20, 1890, shares of stock were issued to various other persons in amounts varying from 2 to 50 shares each. Prior to the issuing of the stock to the defendants, they figured up approximately how much cash each had put into the venture, and the stock was issued

to them, respectively, according to the amount of money each had paid in, and the indebtedness which had been contracted for improving the property prior to the formation of the corporation; and the division of the stock was upon such basis. While the corporation was formed and entered upon its business career on the 10th day of September, 1889, yet it did not at that time have title to any of the property which was owned by the defendants, nor did it obtain such title until the making and execution of a deed by Arthur R. Coates on the 4th day of August, 1890, when, for the first time, it became possessed of the legal title to the property upon which it carried on the business for which it was created.

It is clearly evident that the defendants were jointly interested in the property held in the name of Arthur, and subsequently conveyed by him to the corporation, and the improvements which were made thereon were understood by each to be for the purpose of creating a suitable place for the holding of agricultural fairs and horse races thereon. The whole venture, if profitable, was to inure to the benefit of both, and, if unprofitable, each was to suffer a loss in proportion to his interest. The division of the stock of the corporation was based upon the interest which each held in the property which was subsequently conveyed to it, and it is therefore clearly beyond dispute that this was a joint enterprise, in which each was to share the profits and losses. Under such circumstances, as to third parties who should contract with them in respect thereto, they became liable as partners; and this whether there was any agreement of partnership or not (Magovern v. Robertson, 116 N. Y. 61, 22 N. E. 398), and each, in the enterprise, became the agent of the other, and liability attached equally (Stroher v. Elting, 97 N. Y. 102; Meehan v. Valentine, 145 U. S. 611, 623, 12 Sup. Ct. 972). While it is true that mere community of interest would not suffice to constitute a partnership (Bank v. Gallaudet, 122 N. Y. 655, 25 N. E. 909), yet it is equally true that, where the enterprise is joint, and for the mutual benefit of both, and each is to share in the profits and losses, they become liable as partners, and their rights and liabilities are to be determined upon the same principles as would apply to a partnership (Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Bank v. Walker, 66 N. Y. 424; Sage v. Sherman, 2 N. Y. 417, 427). This being the status of these defendants, we are to see what their relations with the plaintiff were, and when such relations were established. The contract for the erection of the club house, and probably the work which was performed upon the property by the assignors of the plaintiff, were prior to the transfer of the property to the corporation; the contract having been made in March, 1890, while the transfer was not until August of that year. Consequently, when the contract was made with the plaintiff to erect a club house, the only parties then holding legal title in the property were the defendants, and it is quite doubtful if any legal liability at that time could have been created against the corporation for improvements upon this property. Certainly there is no proof in this case which is legally sufficient for such purpose. In the deed which was made by Ar-

thur R. Coates to the corporation it was recited that the corpora-
tion was to receive the property subject only to the mortgages
thereon, and was not to be charged with any other liability on ac-
count thereof. So that, taking the undisputed proof in the case,
it clearly appears that when this contract was made with the plain-
tiff it was the contract of the defendants, and, they being jointly
interested in the scheme to improve the property, and transfer it
to the corporation, liability attached to them for the value of the
work and materials which were furnished by the plaintiff and by
his assignors prior to the transfer. This conclusion must result
in the reversal of the judgment. In addition thereto, we think
error was committed in the reception of testimony, and to which,
as it may become important upon another trial, we conclude to call
attention. For the purpose of showing that the defendants were
acting as officers of the corporation, and not as individuals, wit-
nesses were called, who testified to their acts and declarations in
connection with their duties, and acts performed by them at the
time when an agricultural fair was being held, and upon other
occasions. It was not shown that the plaintiff was present at such
times, or heard the declarations of the defendants, or had any
knowledge thereof; consequently the testimony was inadmissible
to bind him, and could not be made the basis of a legal conclusion
that his contract was with the defendants as officers of the cor-
poration, instead of as individuals. The testimony, for the most
part, was declarations of the defendants, either of words or acts,
which, it is clear, could not be binding upon the plaintiff.

For these reasons we think the judgment should be reversed, and
a new trial granted. All concur.