(32 Misc. Rep. 314.)

### SHELDON v. STEVENS.

(Supreme Court, Special Term, Washington County.   July, 1900.)

1. PARTNERSHIP—NOTE BY PARTNER TO CO-PARTNER—ACTION BY ASSIGNEE FOR CREDITORS.

   A partner, and therefore his assignee for the benefit of creditors, cannot, without a partnership accounting, maintain an action against his co-partner, on a note given by the latter to him on the condition that it should be discounted by him, and the proceeds used as capital in the partnership business, it being a partnership note.

2. SAME—ACCOUNTING.

   A partnership accounting may be had in an action by the assignee for creditors of a partner against his co-partner on a note given by defendant to the assignor, where the answer shows that the note was a partnership note, and asks for an accounting.

Action by Orson W. Sheldon, assignee for the benefit of creditors, against Hiram J. Stevens. Accounting ordered.

L. H. Northup (C. H. Sturges, of counsel), for plaintiff.
J. B. McCormick (J. S. Potter, of counsel), for defendant.

HOUGHTON, J. In 1890 the plaintiff's assignor and the defendant entered into a co-partnership, and the defendant gave to the plaintiff a note of which the one in suit is a renewal. The proceeds

of the note were to be used as capital for the co-partnership. The plaintiff's assignor, Adams, was conducting a banking institution under the name of John Hall & Co., of which he was the sole proprietor. At the time the original note was given it was understood that it was to be discounted by the plaintiff, and the proceeds applied to the purchase of partnership property. This was done. The note was renewed from time to time until 1895, when the present note was given, due in one year. There has never been any adjustment of the accounts between the plaintiff's assignor, Adams, and the defendant. Two years after the note in suit became due, Adams executed a general assignment for the benefit of his creditors to plaintiff, who now claims that the note came to his hands as an asset from Adams, and that the defendant should pay without any adjustment of the partnership accounts between himself and Adams.

I think this position cannot be maintained. An assignee under a voluntary assignment for the benefit of creditors stands in no better position than did his assignor. He receives the property transferred subject to all equities which attached to it in the hands of his assignor. Addison v. Burckmyer, 4 Sandf. Ch. 498; In re Howe, 1 Paige, 125. He has not the character of a bona fide purchaser. Cornwell v. Bank, 12 App. Div. 233, 43 N. Y. Supp. 771. If Adams could not have sued the defendant on the note in question in an action at law before an adjustment of the partnership accounts, and without any express agreement to pay, and when it was understood that the note was to be part of the capital contributed by both to the co-partnership enterprise, then the plaintiff, as his assignor, cannot do so. Reed v. Sands, 37 Barb. 185. No person deriving title under one partner can be in better position than was the partner himself. Menagh v. Whitwell, 52 N. Y. 159. It is true the note in form was a promise by the defendant to pay the plaintiff's assignor a certain amount on a certain day, but it was delivered on the condition that it was to be discounted by the plaintiff's assignor, and the proceeds used as capital in the partnership venture. The action is, in effect, between the original parties, and upon a past-due paper, and evidence showing this state of affairs was competent. Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32. It was, as between the plaintiff's assignor and the defendant, therefore, a co-partnership note. It did not change its character, I think, because it was cashed by one of the partners. There was no agreement that it was to be wholly paid by the defendant. The amount may be owing by defendant to plaintiff's assignor, but the plaintiff cannot bring an action at law to collect it before that has been determined on an accounting, because his assignor could not do so. Hughes v. Smither, 23 App. Div. 590, 49 N. Y. Supp. 115. Such a claim can only be considered in equity to obtain a settlement of the partnership accounts. In re Sheldon, 25 App. Div. 182, 49 N. Y. Supp. 377. The above principles are not in conflict with Crater v. Bininger, 45 N. Y. 545, and Bank v. Wood, 128 N. Y. 39, 27 N. E. 1020, and kindred cases relied upon by plaintiff. In those cases there will be found some special agreement with respect to the note, which, as matter of fact, I find did not exist in this case; or that there had been

an accounting and adjustment of the amount for which the obligation was given. In the present case the note was given on the express understanding that it should be used to obtain capital for the firm. If it had been discounted by some third person, both plaintiff's assignor and defendant would have been bound to pay. That it was discounted by plaintiff's assignor did not give him the right to collect, in an action at law, the whole of it from the defendant.

The principles of offset against an insolvent debtor do not apply. It is not a question of the defendant offsetting against the plaintiff's assignor. The defendant did not owe plaintiff's assignor, at the time of the assignment, any sum which the plaintiff can recover in an action at law. There is no inequity in this. On the contrary, the equities are all the other way. The partnership funds should pay the partnership debts. The defendant should not be compelled to pay the individual creditors of plaintiff's assignor. It is enough that he may be obliged to pay whatever deficiency there may be on the partnership accounts when that is determined.

The plaintiff insists that an accounting cannot be ordered in this action. The answer sets up an equitable defense, and asks that an accounting be had. Upon the trial the court refused to take up the partnership accounts, announcing that it would order a reference for that purpose in case the decision was not absolute in favor of plaintiff. Inasmuch as the defendant asks for an accounting in his answer, I think it is proper to order such accounting, in view of the equitable relief demanded by the defendant. This can as well be done in this action as in a separate one for that purpose.

A decree may be prepared embracing the foregoing conclusions, and a referee agreed upon to take and state the accounts of the partnership; and, if the parties fail to agree, the court will appoint some suitable referee for that purpose.

Judgment accordingly.