(37 Misc. Rep. 311.)

LEE v. WASHBURN et al.

(Supreme Court, Special Term, Kings County. February, 1902.)

EQUITY—JURISDICTION—ACCOUNTING.

Equity has jurisdiction of an action to determine the amount due an employé under a contract for one-third of the net profits of all the litigation he may bring into the office.

Action by Thomas F. Fitzhugh Lee against Cyrus V. Washburn and another. Judgment for an accounting entered.

The plaintiff as party of the second part and Washburn & Sickles, attorneys at law, entered into the following agreement in writing:

"The said party of the second part is to enter into the employ of the parties of the first part at a salary of $18 per week. The party of the second part agrees to use his best endeavors to obtain business and litigation, particularly elevated railroad litigation, and all such suits are to be brought in the name of Washburn & Sickles. In addition to the compensation herein provided for, the said party of the second part is to receive as a further compensation one-third of the net profits of all the litigation that he may bring into the office."

The $18 was paid regularly; and the relation between the parties having been severed this is an action for an accounting to ascertain the profits made on the litigation brought by the plaintiff, and to recover his share.

Before any witness was sworn at the trial the defendants moved that the case be sent to the jury calendar, claiming that a suit in equity does not lie, and that the action is one at law.

Frank R. Dickey, for plaintiff.
Andrew F. Van Thun, Jr., for defendants.

GAYNOR, J. The briefs submitted by the learned counsel are models of order and precision. The point presented, i. e., whether equity may take jurisdiction of the case, has long been a troublesome one. Much has been said on the general subject which will not bear scrutiny.

There is a distinction which controls in this case. Where one sells goods for another on commission, and in like cases, a suit in equity for an accounting does not ordinarily lie; the commissions must be recovered in, an action at law. The aid of equity is not required in such a case, for there is no difficulty in ascertaining the amount. Not only is there no duty to account (which is the main test of the jurisdiction of equity to entertain a suit for an accounting), but no accounting in the sense of that word in equity is necessary (which disposes of such jurisdiction on the ground of necessity). The amount of the sales is the basis for a recovery, and that is all that needs to be proved.

But the present case is different; there is no such basis and never can be unless by an accounting. Until an accounting be had there is no amount on which the plaintiff's one-third can be computed. It can by the terms of the contract be ascertained only by arriving at the net profits, and for that an accounting is necessary. It is not necessary that the parties here be copartners; it is enough if their relations be of that nature, or such that it is the duty of the defendants to account to the plaintiff; and that duty seems to me very

plainly to exist. The plaintiff cannot sue at law because he does not know how much if anything is due him, and cannot know until the defendants account. He necessarily could not keep an account; just as plainly it was the duty of the defendants to keep one. Bisp. Eq. 479 et seq.; Marston v. Gould, 69 N. Y. 220; Marvin v. Brooks, 94 N. Y. 81; Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Parker v. John Pullman & Co., 36 App. Div. 208, 56 N. Y. Supp. 734. McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986, is on the border line, and therefore of limited authority. Smith v. Bodine, 74 N. Y. 30, was an action at law, and the general observations of the learned judge there writing, on when equity might entertain such a case, were obiter dicta, and, it seems to me in view of what was actually decided in Marston v. Gould, 69 N. Y. 220, inadvertent. Dalton v. Vanderveer, 31 Abb. N. C. 430, 29 N. Y. Supp. 342, is not applicable.

Evidence was introduced to show that the contract was changed by mutual agreement, but much of it was incompetent for that purpose, and there is not enough besides to justify a finding of a change. The one-third to be paid the plaintiff is in addition to the $18 a week, and the sum so paid is not to be deducted in arriving at the net profit.

Let an interlocutory judgment for an accounting be entered.