## (April 16, 1957)

■ JOHN R. BROWN, Respondent, v. MARY KAHANICK, Appellant, et al., Defendant.

BOTEIN, J. (dissenting). The allegations of plaintiff's complaint do not spell out a loan transaction, but rather a joint venture between plaintiff and defendant's assignor. The money advanced by defendant's assignor was used and was intended to be used to purchase stock and options. When plaintiff turned over the stock to defendant's assignor his note was returned, and he no longer had an obligation to repay the full amount advanced; and even that reduced obligation was not absolute. His only obligation, on the happening of certain contingencies, was to repurchase some of the stock. It was contemplated from the outset that the advances made by the defendant's assignor would not be repaid in full, but that as a result of his monetary outlay he would become and remain a stockholder with a permanent interest in the enterprise. Contemplated or possible ultimate returns on an investment in a speculative joint venture, however bounteous, do not bring the transaction within the usury statute (*Richardson* v. *Hughitt*, 76 N. Y. 55; *Clift* v. *Barrow*, 108 N. Y. 187).

The purpose and substance of the contract are pleaded completely and definitively, both by allegations of operative facts and by quoting in full the writings to which the alleged agreement was reduced. Nowhere are there any allegations of ultimate fact that would sustain a finding that the contract was a device to avoid the usury laws. Only conclusions to that effect are pleaded. However fantastic it may appear in some respects, the agreement is a real, not a colorable one. Plaintiff may have entered into an injudicious or improvident contract; but it was not a usurious one. The detailed and documented complaint just leaves no conceivable margin for the proper introduction of any evidence from which the triers of the facts could draw an inference that the contract was usurious.

The order appealed from should be reversed and the amended complaint dismissed.

PECK, P. J. (dissenting). I hesitate to say that a complaint, which seems to be understandable to my brethren, is unintelligible to me, but I must confess that to be the fact in this case. At least I can agree with Justice BOTEIN that "Nowhere are there any allegations of ultimate fact that would sustain a finding that the contract was a device to avoid the usury law. Only conclusions to that effect are pleaded."

I vote to dismiss the complaint as insufficient, with leave to replead.

Breitel, Frank and Valente, JJ., concur in decision; Peck, P. J., dissents and votes to dismiss with leave to replead in opinion; Botein, J., dissents and votes to reverse and dismiss in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.