## GOKEY v. KNAPP.

1. **Principal and Agent:** AUTHORITY OF AGENT: USURY. Where an agent for the loaning of money lent it at usurious rates, it was held that he would not be presumed to have had the authority to make the loan upon such conditions, and that his act would not affect his principal.

*Appeal from Floyd Circuit Court.*

TUESDAY, SEPTEMBER 19.

THIS suit was brought to cancel of record two mortgages executed by plaintiff to defendant upon a certain piece of land in Floyd county. The defendant denied the allegations of the petition, and by cross-petition prayed for a foreclosure of the

mortgages.    The plaintiff for a reply to the cross-petition
averred that the mortgages were usurious.    The court made
the following findings of fact and law.

"In the latter part of June, or the month of July, 1873,
plaintiff, Gokey, applied to one Danforth for a loan of money
to pay off a mortgage on Gokey's land held by parties in Wis-
consin.    Danforth, at that time, agreed to let Gokey have the
money, when it was wanted by Gokey, at fifteen per cent, and
Gokey agreed to pay the fifteen per cent for the use of the
money.    Afterwards, in August, 1873, Danforth wrote to O.
S. Knapp, his brother-in-law, then living in Chicago, for
money to loan to Gokey and others, and on the 27th day of
August, 1873, O. S. Knapp sent Danforth a draft from
Chicago, Illinois, for $1,200 to be loaned by Danforth to
Gokey and others who had applied to Danforth for the loan
of money.

"2.    Knapp had before that time, in the month of July or
early part of August, sent Danforth $1,500 to be-loaned out.

"3.    Calvin Danforth lives in Charles City, Iowa, and is
engaged in loaning money for himself and others and in
farming.

"4.    The money loaned to plaintiff, for which the notes and
mortgages set up in defendant's cross-bill and answer were
taken, belonged to O. S. Knapp, then of Chicago, Illinois.

"5.    That all the agreement between Danforth and Knapp
consisted of Danforth writing to Knapp for the money and
telling Knapp that he could get ten per cent per annum for
the money, and he sent the money to Danforth and authorized
him to make the loan to plaintiff.

"6.    Danforth, loaned Knapp's money to plaintiff and that,
at the time of the loan of the first amount, Danforth paid
over to one Russell, the party who drew the papers, $180, who
counted $160 of the money over to Gokey and paid Danforth
$20 of the amount claimed by Danforth as his commission for
making the loan.

"That at the time of second loan Danforth handed to the
party $95 and kept $5, as per agreement between Danforth
and Gokey.

"That Danforth kept said amount of $25 on two loans.

"That Knapp never received nor contracted to receive any of the $25 paid to Danforth, or any more than the ten per cent expressed on the face of the notes in suit, and never authorized Danforth to loan the money in any other way than at ten per cent interest, and never knew that Danforth ever received any part of the money, but supposed and believed that plaintiff, Gokey, received the $180 on the first loan, and $100 on the second loan.

"That Danforth acted as the agent of defendant Knapp in the loan of this money.

"That Gokey received on the first note $160, and $95 on the second note.

"That the $180 note was made September 2d, 1873, and the second note, for $100, was made October 21st, 1873, and both were secured by the mortgages set out in Knapp's cross-petition.

"At the times the loans were made to Gokey the notes and mortgages were read over to him, and he knew they were made to Knapp.

"Plaintiff, Gokey, is a Canada-Frenchman, and imperfectly understands and speaks the English language.

"As law on the facts I find—

"That the taking of the bonus of $25 by Danforth, the agent of Knapp, made the contracts usurious, and find that Knapp is entitled to recover on said two notes the sum of $160, the amount received by Gokey on the first note above the amount paid to Danforth, and $95 on the second note, being $255.

"That the school fund is entitled to judgment on the two contracts for $50.50.

"That defendant Knapp is entitled to the $50 attorney's fee, contracted for in the notes and mortgages."

Judgment and decree were entered in accordance with said findings. Defendant appeals.

*Starr, Patterson & Harrison*, for appellant.

*G. F. Boulton*, for appellee.

ADAMS, J.—Although Danforth may have been the agent of Knapp for the purpose of loaning the money, and may have contracted for more than ten per cent interest, yet the loan was not necessarily usurious. An authority to loan money at a legal rate of interest does not include by implication the authority to loan it at an illegal rate. An authority to violate the law will never be presumed.

When Danforth exacted, in addition to the ten per cent interest, which was embraced in the note, something for the benefit of himself, he went outside of the legitimate purposes of his agency; and as Knapp did not authorize it, either expressly or by implication, he should not be affected thereby. Story on Agency, section 170; Tyler on Usury, 156; *Condit v. Baldwin*, 21 N. Y., 219; *Bell v. Day*, 32 Id., 165; *Rogers v. Buckingham*, 33 Conn., 81.

REVERSED.