WYLLIS v. AULT ET AL.

1. **Usury**: PRINCIPAL AND AGENT. Where a loan is effected through an agent, the fact that the amount received by the borrower is less than that advanced by the principal and specified in the note does not render it usurious, in the absence of proof that the agent acted for the lender in retaining the sum which is deducted from the note.

2. ——: ——. A separate note, given by the borrower to the agent for his services in negotiating the loan, will not be tainted with usury where the agent acts for the borrower and not the lender.

*Appeal from Marshall Circuit Court.*

FRIDAY, APRIL 20.

ACTION to foreclose a mortgage. The defendant pleaded usury.

The facts are stated in the opinion. Judgment for defendants. Plaintiff appeals.

*J. C. Wyllis,* for appellant.

*Brown, Stone & Sears,* for appellees.

ADAMS, J.—The note secured by the mortgage was executed for $120, and made payable in one year with ten per cent interest. The defendants claim that the note was given for usurious interest upon a loan of money made by them through plaintiff of one Nelson. The plaintiff claims that the note was given for $80 loaned by him to the defendants, and for a claim which he had against them for services amounting to $40. The said Nelson, who lived in the State of Maine, had advanced to one Reynolds, who lived in Michigan, the sum

of $1,000 to be by him loaned on real estate security. This money (or so much thereof as was not retained by Reynolds as commission) was loaned to the defendants, and they gave therefor their promissory note drawn for $1,000, with ten per cent interest. The money sent by Reynolds came to the defendants through the hands of the plaintiff, to which he added certain money of his own, making the amount $1,005. The defendants executed the two said notes, one to Nelson for $1,000, and one to the plaintiff for $120.

The evidence clearly shows that the amount received from Reynolds was $925. As defendants gave their note to Nelson

1. USURY: principal and agent.
for $1,000, with ten per cent interest, it is claimed by them that the said note to Nelson is usurious. Whether it is so or not, would depend upon whether Reynolds acted as his agent in deducting and reserving the sum of $75 from the said $1,000 which Nelson advanced. *Gokey v. Knapp*, 44 Iowa, 32.

On this point there is no evidence whatever, except that Nelson had put the money into Reynolds' hands. With what instructions it does not appear.

We are inclined to think that the evidence fails to show that the said note was usurious; but whether it was so or not, is to our mind wholly immaterial. If it should be conceded that the note was usurious, and that plaintiff knew it, it would not affect his right to recover. Indeed, the more usury in the note to Nelson, the less must have been received from him, and the more the plaintiff must have advanced from his own pocket. The best evidence that plaintiff advanced $80 for defendants is, that he paid to them and for them $1,005, as shown by his testimony and his checks, and received from Reynolds only $925 to be loaned to them, as shown by draft and accompanying letter.

As to his knowledge that there was usury in the note to Nelson, if such was the fact it would hardly be claimed that that could affect the note in suit. The two loans were entirely independent of each other.

The only doubt in the case is as to whether the plaintiff was not Nelson's agent in negotiating the loan from him to the

defendants.   The services for which he says he charged $40, and for which he says that the note was given in part, were services rendered in effecting the loan.   Now, if he was Nelson's agent, these services were improperly charged to the defendants, and as the note covered the charge, the transaction might be regarded as a device to obtain usurious interest upon the eighty dollars which defendants borrowed of plaintiff. But the evidence satisfies us that the plaintiff was the agent of the defendants.   Before the loan was effected, they made in writing what was called a property statement, and in that statement they say:   "J. C. Wyllis is our agent and attorney to procure said loan, and to be paid for his services by us." It is true they say that they did not read the statement, and did not know that they were employing plaintiff to negotiate the loan for them; but in the absence of fraud the defendants cannot be heard to say that they did not read the statement. *Geib v. Ins. Co.*, 1 Dillon, 446.

The evidence satisfies us that the services were worth $40, as charged.

The defendants deny borrowing money of the plaintiff. Their theory is that they received $1,000 from Nelson, and gave him their note for $1,000, with ten per cent interest, and gave the plaintiff the note in suit for $120, which was also for interest on the $1,000.   But, as we have shown, the evidence establishes the fact that they received only $925 from Nelson. It is incredible, such being the fact, that plaintiff should advance the remainder and still represent that the note for $120 was given solely for interest on the money received from Nelson.   Indeed, if he did so represent, yet if the fact was that it was given for money which he himself loaned them and for services legitimately charged to them, it would not be usurious.

The evidence tends to show that defendants advanced to plaintiff $5 to pay for an abstract of title.   The plaintiff says that he has no remembrance of it.   If it was advanced, as we are inclined to think it was, then the note was by mistake given for too large an amount.   Plaintiff paid for the abstract and charged it to defendants, and drew the note large enough to cover the charge.

The answer is not so drawn as properly to admit of evidence showing the mistake, yet, as evidence was admitted without objection, we think that the sum of $5 should be deducted from the amount of plaintiff's claim.

We are of the opinion that there is no usury in the note, and that plaintiff is entitled to a decree for the remainder, with interest and costs.

REVERSED.