## BRIGHAM v. MYERS.

1. **Principal and Agent : USURY : HUSBAND AND WIFE.** Where an agent for loaning money takes a commission beyond the legal rate of interest, without the knowledge or consent of his principal, his action does not affect with usury the loan of the principal, and this rule is not modified or varied by the fact that the agent and principal occupy the relation to each other of husband and wife.

*Appeal from Story Circuit Court.*

### THURSDAY, JUNE 12.

ON the 25th day of April, 1874, the defendant John M. Myers borrowed of the plaintiff the sum of one thousand dollars. He executed a promissory note for that amount, payable to plaintiff's order, with interest at ten per cent per annum; and to secure the payment thereof he and his co-defendant, Anna M. Myers, his wife, executed to the plaintiff a mortgage upon certain real estate. At the same time, and as part of the same transaction, the defendant executed to the plaintiff certain additional interest notes, in such an amount as would make the rate of interest for the one-thousand-dollar loan equal to twenty per cent per annum. This action was brought for a judgment on the note for one thousand dollars, and the interest, at ten per cent per annum, and for a foreclosure of the mortgage. The defendants interposed the defense of usury. The cause was tried by the court. It was found that the contract by which the money was loaned was tainted with usury, and a decree was entered for the plaintiff for the unpaid principal of the debt, without interest or cost. Plaintiff appeals.

*Dyer & Fitchpatrick,* for appellant.

*J. L. Dana,* for appellee.

ROTHROCK, J.—The trial was had upon written evidence, in pursuance of the proper motion and order, and the parties are entitled to a trial anew in this court. The plaintiff is a married woman. That she was the owner of the one thousand dollars loaned is not put in issue by the pleadings. The money had been loaned to J. C. Mitchell upon a mortgage. Mitchell did not pay his loan directly to plaintiff. The loan to defendant was effected by Mitchell taking up his note and mortgage, and paying to defendant the one thousand dollars for which the defendant executed the note and mortgage in suit. Mitchell drew the mortgage and notes from the defendant to the plaintiff in the plaintiff's dwelling-house, in presence of plaintiff's husband, who was attending to the business for the plaintiff. Plaintiff was not present when the business was transacted, but was in another room in the same house. It is claimed by the defendants that the evidence establishes the defense of usury because the husband was acting as agent of the plaintiff in making the loan, and taking the notes for the interest in excess of the ten per cent provided for in the note for the principal; and that the husband afterward collected the usurious interest notes and applied them in part, at least, to the support of the plaintiff. On the other hand, it is claimed by the plaintiff that she did not know that her money was loaned to defendant at any rate of interest greater than ten per cent per annum; that she did not authorize her husband nor any other person to make the loan at more than ten per cent interest; that she received only the note for the principal sum and ten per cent interest, and did not know that her husband had taken the interest notes in excess of the ten per cent per annum until after the commencement of this suit.

The law is well settled that where an agent for loaning

<div style="margin-left:2em">1. PRINCIPAL<br>and agent: us-<br>ury: husband<br>and wife.</div>

money takes a bonus or commission to himself beyond the legal rate of interest, without the knowledge, authority or consent of his principal, it does not affect with usury the loan of the principal. *Gokey v. Knapp,* 44 Iowa, 32; *Wyllis v. Ault,* 46 Id., 46; Story on Agency, § 170; Tyler on Usury, § 156; *Condit v. Baldwin,* 21 N. Y., 219; *Rogers v. Buckingham,* 33 Conn., 81.

The appellant filed an abstract and the appellee filed an additional abstract. The correctness of one statement of the additional abstract is disputed by the appellant, and we have thus been led to an examination of the transcript. The plaintiff testifies in positive terms that her husband made the loan to Myers for her, and gave her the note for one thousand dollars; that she never knew that he received interest besides the interest on the note for one thousand dollars; that she never heard of anything over ten per cent, and never saw the interest notes for the interest in excess of ten per cent until they were produced on the trial, and that she thought she was getting ten per cent interest and no more, and that she never authorized her husband to take more than ten per cent. The husband of the plaintiff testifies to about the same state of facts, with equal positiveness. Now, if the plaintiff had loaned her money by an agent other than her husband, we apprehend that under the above rule of law there would be no question that the plaintiff ought not to be affected by the unauthorized act of her agent. It would be a most unreasonable and unjust rule to presume that a principal authorized his agent to violate the law, and make usurious contracts, in the absence of evidence showing such authority. But it is insisted that the plaintiff and her agent are husband and wife; that the evidence shows that the husband managed the plaintiff's business, and collected the lawful as well as the usurious interest, and applied the same in payment, in part, at least, of the wife's support. This may all be conceded, and yet, as the wife did not know that any usurious interest was collected nor contracted for, nor applied to her support,

she ought not to be held to her husband's illegal act. Under the statutes of this State the wife is clothed with the same property rights and charged with the same civil liabilities as her husband. "She can control her own property, vindicate her individual rights, and bind herself by contract as fully as her husband." *Spafford v. Warren*, 47 Iowa, 47.

The plaintiff, then, in contemplation of law, is not to be affected by presumptions against her rights because the agent who made this loan and contracted for and took usury was her husband. It is true the near relationship of the parties, principal and agent, might authorize a finding that the unlawful act was authorized by the principal upon slighter evidence than if they were strangers, but we would not be justified in allowing such considerations to outweigh the positive testimony of witnesses who are in no way impeached.

We think that it is not unjust to the defendant in this case to hold that if he contemplated taking advantage of this contract as usurious he should have seen to it that he made his usurious contract with the principal, or with an agent authorized to make such contract.

II.    The mortgage in suit provides that in case a foreclosure should become necessary a reasonable attorney's fee for the foreclosure should be allowed. The court below found that the contract was tainted with usury, and refused to allow an attorney's fee. As we find the defense of usury is not established by the evidence, the plaintiff is entitled to such fee. The only evidence upon that question fixes the reasonable value of an attorney's fee for the commencement and trial of the cause at one hundred and two dollars and fifty cents, and that amount will be allowed.

The decree of the Circuit Court is reversed, and the cause is remanded for a judgment and decree of foreclosure for the amount due on the note for one thousand dollars, as appears on page 8 of appellant's abstract, including one hundred and two dollars and fifty cents attorney's fee, and the costs of the

action; or, if the appellant so elect, such decree will be entered in this court.

<div align="right">REVERSED.</div>