JAMES L. GREENFIELD, Appellant, v. B. J. MONAGHAN, *et. al.*, Appellees.

85   211
86   739

85   211
90   505

85   211
103   511

85   211
138     8

1. **Usury**: COMMISSION PAID TO AGENT: KNOWLEDGE OF PRINCIPAL: BURDEN OF PROOF.  Where an agent, for a person lending money upon a promissory note, charged the borrower a rate of interest in excess of that allowed by law, retaining the difference between the rate charged and the legal rate for his own use, *held*, that the loan was not usurious unless the charge of illegal interest was authorized or ratified by the principal, and that upon such issue the burden of proof was upon the party charging usury.

2. ——: ——: ——: EVIDENCE.  The defendant having admitted in his answer the agency of the person through whom the loan was negotiated, *held*, that evidence tending to show that such person owned the money loaned to the defendant was incompetent.

*Appeal from Webster District Court.*—HON. J. L. STEVENS, Judge.

TUESDAY, MAY 17, 1892.

ACTION on a promissory note, to which the defense of usury was pleaded.  There was a trial by the court, and a judgment rendered, from which the plaintiff appeals.—*Reversed.*

*R. M. Wright,* for appellant.

No appearance for appellees.

ROBINSON, C. J.—The note in suit was made by the defendants on the twenty-second day of September, 1886, for the sum of two hundred dollars, with interest thereon at ten per cent. per annum, and was payable to the plaintiff one year after its date. It bears an endorsement as follows: "Sept. 17, '87, received int., twenty dollars. Time ex. to Sept. 22, 1888." The plaintiff demands judgment thereon for two hundred dollars and costs, and asks a writ of attachment against the property of the defendants. The defendants admit the making of the note, but allege that Monaghan was principal, and his co-defendant was surety; that it was agreed between the plaintiff, through his agent, H. J. Griswold, and Monaghan, that the rate of interest should be twenty per cent., instead of the rate expressed in the note, of which ten per cent. was to be deducted in advance; that, in pursuance of that agreement, Monaghan was paid the sum of one hundred and eighty dollars, and no more. They further allege that on or about the twenty-second day of September, 1887, Monaghan paid to the plaintiff, on the note, the sum of forty dollars, and that in September, 1888, he paid the further sum of fourteen dollars. Credit for these amounts, and judgment for costs, are demanded. At the conclusion of the trial the district court rendered judgment in favor of the plaintiff for the sum of one hundred and twenty-six dollars, and in favor of the school fund for the sum of seventy-two dollars, and against the plaintiff for the costs.

I. When the note in suit was given, Griswold was engaged in the banking business at Manson. The

1. USURY: commission paid to agent: knowledge of principal: burden of proof.

plaintiff was a resident of the state of Illinois, and had furnished Griswold money to loan. When the note was given, the negotiations in regard to it were

had entirely between Griswold and Monaghan, and the latter received but one hundred and eighty dollars for the note.   At the time the endorsement was made he paid Griswold forty dollars.   In September, 1888, it was agreed between Monaghan and Griswold that the sum of fourteen dollars, due the former from a person with whom the latter had an account, should be applied on the note.   The testimony of the plaintiff was not offered, but Griswold testified that he acted for Monaghan in procuring the loan; that he retained twenty dollars of it when it was made, as his commission, and that twenty dollars of the payment made in September, 1887, was for his commission in procuring an extension of the loan, and that the plaintiff has received but twenty dollars of the money paid by Monaghan.   The latter testified that nothing was said about an agency when the loan was made, and nothing about his paying an agent; that he asked Griswold for terms, and was told the rate of interest would be twenty dollars on a hundred for a year.   We find no direct evidence that the plaintiff authorized or knew that Griswold was exacting a commission from Monaghan, and it is the well-settled rule in this state that when a charge is made by the agent, for his own benefit, in excess of the authorized rate of interest, the transaction is not tainted with usury, if the principal did not authorize the charge. *Gokey v. Knapp*, 44 Iowa, 32; *Brigham v. Myers*, 51 Iowa, 397; *Call v. Palmer*, 116 U. S. 98, 6 Sup. Ct. Rep. 301.

The question now presented for our consideration is this:   Does proof that such a charge has been made raise a presumption of usury, or does the burden rest on the borrower to show that the charge was authorized by the principal?   It was said in *Gokey v. Knapp*, *supra*, that "an authority to loan money at a legal rate of interest does not include, by implication, the authority to loan it at an illegal rate.   An authority to violate

the law will never be presumed." In *Wyllis v. Ault*, 46 Iowa, 46, it appeared that the principal had sent to one Reynolds one thousand dollars to be by him loaned. In making the loan, Reynolds retained seventy-five dollars as commission. It was not shown that he had authority to do so from the principal. There was no proof of his authority, excepting that the money had been placed in his hands to be loaned. This court, although basing its conclusion on another ground, said it was inclined to think that the evidence failed to show that the note given for the loan was usurious. In *Brigham v. Myers, supra*, it was said: "It would be a most unreasonable and unjust rule to presume that a principal authorized his agent to violate the law and make usurious contracts, in the absence of evidence showing such authority." In *Stillman v. Northrup*, 109 N. Y. 474, 17 N. E. Rep. 379, it was held that it was not sufficient for the borrower to show that a charge had been exacted and taken by the agent, which, if authorized by the principal, made the loan usurious, but that it was also incumbent upon the borrower to show that the money was taken with the knowledge and assent of the principal, or that the taking was acquiesced in. That rule was approved in *Baldwin v. Doying*, 114 N. Y. 457, 21 N. E. Rep. 1007, where it was said, in effect, that it was incumbent on the borrower to prove that the bonus or charge was taken by the agent with the knowledge and assent of the principal. The law presumes that the note was authorized by law, and that it is valid. Proof that the agent for the person lending the money retained a portion of it for his own use, which, if for the benefit of the principal, would make the loan usurious, is not proof of usury, because the transaction may be entirely legal, and for that reason the law will presume that it was so. Therefore, in order to sustain the plea of usury, it is necessary for the borrower to show, not

only that the agent has retained from the sum loaned money sufficient to make the amount the borrower is required to pay, if for the benefit of the principal, greater than that sanctioned by the law, but also that the act of the agent in retaining the money was authorized or ratified by the principal. In this case, the defendants failed to show that Griswold had authority to retain the commission, that the plaintiff knew that it had been retained, or that he derived any benefit from it.

II. The appellant complains of the ruling of the court in admitting evidence which tended to show that 2. —: —: —: Griswold, and not the plaintiff, owned the evidence. money which was loaned to Monaghan. The evidence was not competent, under the issues joined, as the answer averred that Griswold was the agent of the plaintiff in making the loan, but some of it was admitted without objection or exception and need not be further considered.

For the reasons indicated in the first division of the opinion, the judgment of the district court is REVERSED.