Letticia Barthell, Appellant, v. Hans H. Jensen *et al.*, Appellees.

Usury: EVIDENCE: COMMISSION PAID TO AGENT.

*Appeal from Winneshiek District Court.*—Hon. W. A. Hoyt, Judge.

Monday, October 10, 1892.

Action in equity to recover an amount alleged to be due on a promissory note, and for the foreclosure of a mortgage given to secure its payment. After a hearing on the merits, a decree was rendered in favor of the defendants. The plaintiff appeals.—*Reversed.*

*E. P. Johnson,* for appellant.

*L. Bullis,* for appellees.

Robinson, C. J.—The note upon which this action is brought was given by the defendant Hans H. Jensen on the twenty-seventh day of December, 1878, for the sum of one thousand dollars, with the interest thereon at the rate of ten per cent. per annum, payable semiannually. The note was made payable to George Barthell, and was by him transferred to his mother, the plaintiff. She subsequently assigned it to E. P. Johnson, and after a time he reassigned it to her. Each transfer included the mortgage on certain real estate which was given to secure the note. Payments on it to the amount of one thousand and seventy dollars have been made. The plaintiff seeks to recover of the maker the amount which appears to be due on the note, and asks the foreclosure of the mortgage as against him and his wife.

The giving of the note and mortgage is admitted, but the defendants claim that the transaction was usurious, and that the amount recoverable on the note has been fully paid. The district court found that this claim was sustained by the evidence. The answer alleges that the agreement by virtue of which the note and mortgage were given was made between Jensen and William Barthell, the father of the payee; that they were made payable to George as a device to evade the law against usury; that their consideration was money owned and furnished by the father; that the nominal payee had no knowledge of the transaction until after it was completed, but that he took and held the note and mortgage as a mere trustee for his father; that the agreement under which they were given provided that William Barthell should loan to Jensen the sum of one thousand dollars, and take therefor the note of the latter for that sum, bearing interest at the rate of ten per cent. per annum, payable semi-annually, the note to be due in five years, and to be secured by mortgage; that, in addition to interest at the rate specified, Jensen was to pay to William Barthell a bonus of one hundred dollars; that said note and mortgage were given, and one thousand dollars were paid to Jensen, according to the agreement; that in payment of the bonus of one hundred dollars Jensen delivered to William and George Barthell a note for one hundred dollars, dated March 7, 1879, together with a confession of judgment thereon, executed at the time the note was given. In an amendment to their answer the defendants allege that the one hundred dollar bonus was paid to William Barthell when the one thousand dollars were received.

In the reply the plaintiff denies the alleged usury, and avers that the loan was made by George Barthell in good faith, and that he neither had knowledge of nor authorized any usurious agreement, or the payment of any bonus; that the note and confession of judgment of March 7, 1879, were given for a loan of one hundred dollars made by George to Jensen; that the judgment rendered on the confession was assigned by George to his father in November, 1886, for a valuable consideration; and that in

January, 1889, it was assigned by the father to her; that the assignments to her were for a valuable consideration; that before they were made Jensen repeatedly said to her that the note and judgment were good; and that such statements induced her to take an assignment of the claim. The plaintiff was the wife of William Barthell, but was divorced from him in the year 1889. The judgment was assigned to her as a part of the alimony she received when the divorce was granted. An assignment of the note and mortgage in suit was also made to her by George Barthell at or about the same time, and, as the defendants claim, for the same purpose.

When the notes and confession of judgment in controversy were given, George Barthell was a student at Iowa City, and was about twenty-three years of age. It is admitted that the loan was negotiated on the part of the lender by William Barthell. Jensen testifies to an agreement to pay a bonus of one hundred dollars, and states that William wished to deduct it from the one thousand dollars paid, but that, as just that amount was needed, he refused to allow the deduction to be made; that he agreed to raise the money for the bonus as soon as he could, but could not raise it soon enough; therefore gave the second note and confession of judgment in lieu of the money. Jensen also testifies that he could not read English, and did not know that George Barthell was the payee of the notes until January, 1886, but supposed that they were payable to William Barthell. There is no evidence that deception in this matter was practiced by any one. After the note and mortgage were drawn they were delivered to Jensen to be signed, and to have the mortgage acknowledged by himself and his wife. He took them to his house, where there were several of his children who were grown and able to read English. The next day he and his wife acknowledged the mortgage before a justice of the peace. Jensen's testimony as to what occurred before the justice is not satisfactory. He testifies that the justice read the mortgage to his wife in his presence, and also that it was not read. He appears, however, to be a man of at least ordinary business prudence and ability, and, if he did not know that the note and mortgage were made payable to George Barthell, it was from lack of care on his part, as he had ample opportuinty to know the fact, and no attempt was made to mislead him. Under these circumstances we do not think his alleged ignorance of the contents of the papers in question is entitled to any weight.

In support of his defense, he produced as a witness William Barthell, who, it appears, had quarreled with the plaintiff and George in regard to property. He shows no signs of a desire to aid the plaintiff in her suit, and his testimony is entitled to consideration. He testifies that he paid a part of the expenses of George while in school at Iowa City and elsewhere, although that is denied by George; that he furnished him an office, helped him to procure law books, and loaned him money after his return from Iowa City. Thus far his testimony tends to support the claim of the defendants that George had no money when the loan in question was made. But his father testifies that George had worked for himself and earned money before he went to Iowa City, that his grandfather had left money for him which had been increased by investment, and that the

money loaned to Jensen belonged to him. His statement that George had money at that time is corroborated by George and his mother, and is not contradicted by any one. George states that the amount he had when he went to Iowa City was not less than two thousand, four hundred dollars, and that a part of it came from stock which was given him when he was a small boy by his father for herding; that a part came from the gift of his grandfather, and a part he earned; and that the money he thus obtained had been invested from time to time until he went to Iowa City, when the value of the money and other property he owned was about three thousand two hundred dollars. His statements are not contradicted, nor are they so improbable that they should be rejected on that ground. His father appears to have been a man of business and of property. He had loaned money for nearly forty years. The alimony he set apart for his wife when the divorce was granted amounted to about twenty-two thousand dollars. It would have been but natural, and in harmony with common experience, had he helped his son, while yet a minor, with gifts, and counsel in regard to investments. Some importance seems to be attached to the fact that the note and mortgage were at one time in possession of the father; that he received money thereon, and gave receipts therefor, in his own name; and that when he transferred them to his wife he executed a release of his interest in her favor. But it appears that the money was at first paid to George, and his receipts therefor taken; that after a few years he quit the business of practicing law, and authorized his father to collect money on the note in his absence, and that the plaintiff, by herself or attorney, after the transfer to her, collected money on the note; that the release was executed by the father on request, and purported to transfer his interest, if any he might have, but that at the time he disclaimed any interest in the note. There is a conflict between the testimony of the plaintiff and George in regard to the consideration paid her for the note, but we do not think circumstances of that character, even though calculated to arouse suspicion, can overcome the positive testimony of the father, mother, and son, considered with the fact that the notes, mortgage, and confession of judgment were given to the son. We think the evidence fairly establishes the claim that the money loaned belonged to the son.

II. It is not disputed that Jensen agreed to pay the father a bonus of one hundred dollars for procuring the loan, but the plaintiff claims that George did not authorize his father to receive a bonus, and did not know that he had taken one. The law presumes that the loan was not usurious, and proof that a bonus or commission in addition to the highest legal rate of interest authorized has been exacted by the agent does not raise a presumption of usury. *Greenfield v. Monaghan*, 85 Iowa, 211. George testifies that he did not authorize his father to charge the bonus, and knew nothing of it, and in that he is corroborated by his father. The latter testifies that, when Jensen applied to him for the money, they entered into a written agreement, which provided that Jensen should pay him one hundred dollars for obtaining the money; that Jensen was told the money belonged to George when the loan was made; that when the first note was given one thousand dollars were paid to Jensen, who at once returned one hundred

dollars in payment of the bonus, and that the note and confession of judgment for one hundred dollars were given in March, 1879, in consideration of a loan of one hundred dollars then made to Jensen by George; and that security in the form of a confession of judgment was taken for the reason that George already had a mortgage on Jensen's land. The testimony of the father in regard to that transaction is corroborated by both George and the plaintiff, the latter testifying that she was present and helped to count the one hundred dollars which were paid to Jensen. We would not be justified in reviewing the evidence at greater length. It is sufficient to say that the claims of Jensen that he contracted only with William Barthell for money to be furnished by him, that he did not know that the money furnished belonged to George, and that the second note and confession of judgment were given for a bonus, are fully contradicted by his own witness, the father, and in part by the mother. The presumption of the law is against his claim, and we conclude that he has failed to establish it by a preponderance of the evidence. Although there are some facts disclosed by the record, of which only a part have been mentioned, which tend to throw doubt upon the claims of the plaintiff, yet they are not so convincing as to overcome the positive testimony to the contrary of witnesses who appear to be credible. The decree is reversed, and the cause is remanded, with direction to the district court to render a decree in harmony with this opinion. REVERSED.