LOUISA C. RICHARDS, Executrix, v. H. E. PURDY *et ux,* Appellant.

Usury: CONTRACT WITH MUTUAL AGENT.   Where one who in making a loan which bears legal interest on its face, acts as the agent of both parties, for convenience, takes a commission note to the lender, which note makes the total rate usurious, but the lender neither authorizes nor ratifies the act, the plea of usury can not be maintained.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

TUESDAY, MAY 8, 1894.

ACTION in equity to recover amounts alleged to be due on promissory notes, and for the foreclosure of mortgages given to secure their payment. There was a hearing on the merits, and a decree for the plaintiff. The defendants appeal.—*Modified and affirmed.*

*M. R. McCrary* and *J. B. McCrary* for appellants.

*J. C. Kerr* for appellee.

ROBINSON, J.—On the twenty-fourth day of February, 1886, the defendants, H. E. Purdy and Kitty Purdy, his wife, made to George L. Richards, as payee, their three promissory notes, of which one was for the sum of two hundred dollars, payable in one year, one was for the sum of five hundred dollars, payable in two years, and one for the sum of one thousand dollars, payable in three years. They bore interest at the rate of eight per cent. per annum, and were secured by a mortgage on a quarter section of land, and a mortgage on certain horses and on other personal property. On the eighth day of March, 1887, the defendants made to the same payee their promissory note for four hundred dollars, payable on the eighth day of June, 1887, with interest thereon at the rate of ten per cent. per annum, and, to secure its payment, executed a mortgage on a lot in the town of Rockwell. The payment of interest on the notes for five hundred dollars and one thousand dollars to August 24, 1890, and on the four hundred dollar note to December 8, 1890, is admitted by the plaintiff. The two hundred dollar note has also been paid. This action was brought to recover the amount due on the three notes last described, and for the foreclosure of the mortgages on the land and lots. The defendants admit that they made the notes, but allege that the three notes first given were usurious; that the consideration for them was but one thousand, three hundred dollars in money borrowed of E. A. Richards;

that the notes were owned by him, but, to enable him to take the acknowledgments of the mortgages, the notes were made payable to his brother, George L. Richards; and that the agreed rate of interest was eighteen per cent. per annum. The defendants further claim that the property included in the chattel mortgage has been sold, and that the proceeds thereof have been or should be applied in paying the two notes in suit first given, and that those notes have been fully paid. The defendants allege that they have paid large sums on the note last given, and demand an accounting of the money paid to George L. and E. A. Richards. The district court found that there was due on the notes in suit the sum of two thousand, one hundred and seventy-three dollars and fifty-five cents, and rendered a decree in favor of the plaintiff for that amount, with attorneys' fees and costs, and for the foreclosure of the mortgages.

I. When the notes in controversy were given, George L. Richards was a nonresident of the state, and the business involved in taking them was transacted for him by his brother and agent, E. A. Richards. H. E. Purdy testifies that when the papers given in February, 1886, were drawn, he was told by E. A. Richards that the money to be loaned belonged to him, but that he did not wish his business known in the town, and could not take the acknowledgments of papers executed to himself, and therefore the notes and mortgages were nominally made payable to his brother. The testimony of Purdy in regard to the matter is in some respects improbable, and is contradicted by E. A. Richards. We are satisfied that the money loaned belonged to George L. Richards. The claim of Purdy that he received but one thousand, three hundred dollars for the three notes first given is not sustained by the record. It is quite satisfactorily shown that he received one thousand, five hundred dollars, and that the two hundred dollar note

was given to E. A. Richards as his commission for securing the loan, and made payable to his brother only as a matter of convenience, to have it secured by the mortgages. It is said that the knowledge of the agent is the knowledge of his principal, and that by accepting the notes, the latter ratified the acts of the agent in taking the commission note, and that the transaction was thereby made usurious. It appears, however, that E. A. Richards was also the agent of the borrower, for the purpose of obtaining the loan; and it is not shown that E. A. Richards authorized the charge for commission, or that he knew of it. The notes for five hundred dollars and one thousand dollars were sent to him, but the two hundred dollar note was not. Whether he ever saw the mortgages, does not appear. The burden is on the defendants to show usury; and under the rule announced in *Greenfield v. Monaghan*, 85 Iowa, 211, 52 N. W. Rep. 193, they have failed to do so.

II. It is claimed that due credits for the payments made on the notes have not been given. So far as the claim relates to the notes for five hundred dollars and one thousand dollars, it is not shown to be well founded; and we think the amount allowed on account of them, to wit, one thousand, seven hundred and fifteen dollars and eighty cents, was authorized. In regard to the four hundred dollar note, it is alleged, and the evidence shows, that the rents derived from the lot mortgaged to secure it were paid to E. A. Richards, to be applied in paying the note. He was the agent of his brother to receive payment, and was paid one hundred and twenty-six dollars of the rents, to be so applied; but although his attention, as a witness, was particularly called to that matter, he accounted for only forty dollars and seventy-five cents of the money so received and the excess does not appear to have been considered by the district court. We conclude that the

amount of four hundred and fifty-seven dollars and seventy-six cents allowed on that note is excessive, and that plaintiff was entitled to recover thereon, at the date of the decree, but the sum of three hundred and sixty-seven dollars and fifty-four cents, and that the sum of four dollars and fifty cents should be deducted from the amount allowed as an attorney's fee. One half of the costs of the appeal will be taxed to the appellee. The decree of the district court is MODIFIED AND AFFIRMED.