## F. D. McNEELY, Appellant, v. G. D. FORD, *et al.*

**Usury:** PRINCIPAL AND AGENT: *Ratification.* Notes given a wife for money borrowed are usurious, where her husband acted as her agent in loaning the money, and it was understood by them that he should invest it on such terms, as to interest and otherwise, as he saw fit, and he added to the amount of the notes, in excess of the sum actually loaned, certain amounts as his commissions, which, with the rate of interest stipulated in the notes, made the interest exceed the lawful rate, and all such charges were ratified by her by demanding a recovery for the full amount. Citing *Greenfield v. Monaghan,* 85 Iowa, 211, and *Richards v. Purdy,* 90 Iowa, 502.

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, OCTOBER 26, 1897.

ACTION to recover judgment for the full amount of a promissory note executed by defendant to plaintiff for seven hundred and seventy dollars, with eight per cent. interest, dated March 28, 1893, and due March 28, 1894; also, for a decree foreclosing a mortgage on real estate given to secure said note. Defendant answered, admitting the execution of said note and mortgage, and alleging as defense that said note is usurious, which allegation the plaintiff denies in his reply. Judgment was rendered in favor of the plaintiff for a part of the amount claimed, namely, for four hundred and seventy-eight dollars and eighty-three cents, and decree foreclosing the mortgage for that amount. Judgment was rendered against the plaintiff for the costs. Judgment was also rendered against the defendant for two hundred and eighty-five dollars and twenty-one cents, to be paid to the school fund. Plaintiff appeals.—*Affirmed.*

*J M. Whitaker* for appellant.

*Henry Stone* for appellee.

GIVEN, J.—I. We first inquire whether the promissory note sued upon is usurious. The facts out of which its execution grew are these: Plaintiff is the wife of G. W. McNeely, who has been engaged in the loan business. At the time of their marriage, in 1885, the plaintiff had three or four hundred dollars, which had been given to her by her father, and which she placed in the hands of her husband to be loaned. Mr. McNeely placed in her name a sufficient amount of notes owned by him to increase the amount in his hands for her to one thousand dollars. This money was left in his hands to be invested for the plaintiff. On March 21, 1890, the defendant applied to Mr. McNeely for an immediate loan of money, to enable him to redeem his property from an execution sale, the period of redemption of which expired that day. Defendant on that day executed his promissory note, payable to the plaintiff, for six hundred and forty-two dollars, payable March 21, 1891, with ten per cent. interest, for which he received from Mr. McNeely six hundred dollars. Defendant testifies that the forty-two dollars were added as illegal interest. Mr. McNeely testifies that forty dollars of it were added as his commission, to which defendant had agreed. Certain payments were made and credited upon this note. On March 21, 1891, defendant executed his other promissory note for the sum of one hundred and seven dollars and seventy-five cents, payable to the plaintiff, January 1, 1892, with eight per cent. interest, for which he received ninety-seven dollars and fifty cents in money from Mr. McNeely. Defendant testifies that the ten dollars and twenty-five cents were retained as illegal interest, while Mr. McNeely testified that they

were for the expense of making and recording the chattel mortgage given to secure the note, and that it was put in the note at defendant's request. On March 25, 1892, the defendant executed his other promissory note to plaintiff for fifteen dollars, payable in sixty days, with eight per cent. interest. Defendant testifies that this was given for additional illegal interest on the first note. Mr. McNeely testifies that it was to pay the costs of extending the six hundred and forty-two dollar note. On April 1, 1892, defendant executed to plaintiff another promissory note for one hundred and eight dollars, payable November 1, 1892, with ten per cent. interest. Defendant testifies that he only received ninety-seven dollars and fifty cents on this note, which is not disputed nor explained by Mr. McNeely, but he says that it was a clerical error that makes the note draw ten per cent. interest, and that it should have been only eight per cent. On March 28, 1893, the note sued upon was given for the balance appearing to be due upon these several notes, according to the face thereof, less credits appearing thereon. Defendant testifies that Mr. McNeely and Mr. Forrey figured the amount due upon these notes to be seven hundred and fifty dollars, and that twenty dollars were added as usury, making the note seven hundred and seventy dollars. Mr. McNeely testifies that the twenty dollars were added on account of his day's travel and expenses in going to St. Anthony to see the defendant, and for the settlement and for the recording and execution of the mortgages. We will not discuss this evidence further than to say that it leaves no doubt that in these transactions Mr. McNeely acted solely as the agent of the plaintiff, and was not entitled to any commission from the defendant for effecting a loan, and that the several amounts added to the promissory notes over and above the amount received by defendant were usurious.

II. Plaintiff cites and relies upon *Greenfield v. Monaghan*, 85 Iowa, 211, and *Richards v. Purdy*, 90 Iowa, 502. In both those cases the excess over the amount actually loaned was retained by the agent solely for his own benefit, without the knowledge of the party whose money was loaned; and there was no evidence that his act in so doing was authorized or ratified by the person whose money he was loaning. In the *Greenfield Case* it is said: "We find no direct evidence that the plaintiff authorized or knew that Griswold was exacting a commission from Monaghan; and it is the well-settled rule in this state that, when a charge is made by the agent for his own benefit in excess of the authorized rate of interest, the transaction is not tainted with usury if the principal did not authorize the charge,"—citing cases. It is further said: "Proof that the agent for the person lending the money retained a portion of it for his own use, which, if for the benefit of the principal, would make the loan usurious, is not proof of usury, because the transaction may be entirely legal; and for that reason the law will presume that it was so. Therefore, in order to sustain the plea of usury, it is necessary for the borrower to show, not only that the agent has retained, from the sum loaned, money sufficient to make the amount the borrower is required to pay, if for the benefit of the principal, greater than that sanctioned by law, but also that the act of the agent in retaining money was authorized or ratified by the principal. In this case the defendants failed to show that Griswold had authority to retain the commission, that the plaintiff knew that it had been retained, or that he derived any benefit from it." This case was followed in the *Case of Richards*. In that case the agent making the loan was also agent for the borrower. In this case Mr. McNeely acted solely as the agent of his wife, and, though she testifies that she never authorized

him to receive more than legal interest, we are satisfied that it was intended and understood between them that he should invest her money upon such terms, as to interest and otherwise, as he might see fit. He testifies: "She gave it to me to make investments, and I invested it as best I could. I never consulted her in making these loans; never had to when I put out any money for her. Of course, she did not ask any questions." He also says that she trusted to his judgment and experience to invest the money. She testifies that he was her agent for loaning the money, and that "I would ratify whatever he would do." The six or seven hundred dollars contributed by Mr. McNeely to make the one thousand dollars were never in the possession nor control of the plaintiff. In view of the relation of the plaintiff and her agent and of the other facts, we are satisfied that the plaintiff expected him to loan the money upon whatever terms, as to interest and otherwise, he might see fit. We are in no doubt that they intended that she should have the full benefit of all that might be realized from loaning this money. If it may not be said that he had authority from the plaintiff to take usurious interest, it is certainly clear that what he did take was not for his own, but for her, benefit. The excess over the amounts actually loaned were in each instance included in notes payable to the plaintiff, and in this action she is asking to recover these amounts. Mr. McNeely fails to show in his testimony that his accounts with his wife were so kept as that these excesses were for his benefit, and not for hers. The rule quoted above is grounded on the facts, not only that the excess or usury was taken without the authority or ratification of the person for whom the loan was made, but that it was taken for the benefit of the agent, and not for the benefit of the principal. In this case we think it entirely clear that it was taken for the benefit of the principal, this plaintiff, and

that she accepts and ratifies the act by now demanding recovery therefor. The judgment of the district is AFFIRMED.