M. A. WEAVER, for the use of Orth & Weaver, v. JAMES H. BURNETT *et al.,* Appellants.

**Usury:** ESTABLISHED. An agreement by a borrower to pay for a loan the highest legal rate of interest, and, in addition thereto, to divide with the lender the profits made in discounting certain notes to be taken up with the money borrowed, is usurious, under Code, section 3040, providing that no person shall receive, directly or indirectly, in money or in any other manner, any greater sum than by law allowed for the loan of the money.

*Appeal from Taylor District Court.*—HON. W. H. TEDFORD. Judge.

WEDNESDAY, FEBRUARY 7, 1900.

SUIT in equity to foreclose a mortgage. Defense, usury. Trial to the court, resulting in a decree foreclosing the mortgage for the full amount of the notes secured thereby, and defendants appeal.—*Reversed.*

*Chas. Thomas* for appellants.

*Flick & Jackson* for appellee.

DEEMER, J.—The note which lies at the foundation of this suit is for one thousand three hundred dollars, and bears interest at the rate of eight per cent. It was given to afford defendant Burnett the means whereby to take up three other notes of the said Burnett, antedating the one in suit aggregating one thousand four hundred dollars, and upon which interest had accrued so that the total amount due thereon was about one thousand five hundred and eighty dollars. Defendant Burnett claims that he received but one thousand two hundred dollars on the one thousand three hundred dollar-note, and that the excess was for the use of the money loaned. On the other hand, plaintiff, while admitting that he gave Weaver but one thousand two hundred dollars in money, says that the additional one hundred dollars was put in the note because of an arrangement made between them to the effect that he (plaintiff) should have one-half the profits made by Weaver in discounting the one thousand four hundred dollar-note; that Burnett procured them for one thousand two hundred dollars, thus saving three hundred and eighty dollars, but that he represented to plaintiff he made but two hundred dollars; and that one-half that amount was included in the one thousand three hundred dollar-note, as defendant Burnett was unable to pay it in money. That there was a loan of but one thousand two hundred dollars by plaintiff to defendant is conceded, and the only question in the case is, was the loan usurious? Section 3040 of the Code reads as follows: "No person shall, directly or indirectly, receive in money or in any other thing, or in any manner, any greater sum or value for the loan of money, or upon contract founded upon any sale or loan of real or personal property, than is in this chapter prescribed." The rate prescribed in the chapter is eight per cent. for money due by express

contract when the agreement to pay it is in writing. Whether or not the contract is usurious does not depend upon the form the transaction is made to assume. . Courts always look. beyond the mere form, and search diligently for the substance and intent. *Seekel v. Norman,* 71 Iowa, 264. Of course, there must be an unlawful agreement for the payment of a greater sum for the loan of money than the law allows, else the contract will be held good. *Jones v. Berryhill,* 25 Iowa, 289. But if there be such an agreement, no matter what form the transaction may be made to assume, it will be held usurious. Even if we adopt plaintiff's theory of the case, there was a loan of one thousand two hundred dollars to the defendant, which he (defendant) agreed to repay at a certain time, and without contingencies, together with the highest rate of interest which the law permits. But he says. that, in addition thereto, he was to have one-half the profits that defendant might make in the use of the money so loaned. Is such a transaction usurious? We are quite willing to agree that, if there was a consideration, entirely separate and distinct from the loan or forbearance, for the defendant's promise to pay plaintiff one-half the discount he received in taking up the one thousand four hundred dollar note, such agreement would not make the transaction usurious. See *Neefus v. Vanderveer,* 3 Sandf. Ch. 268. But such is not the fact. Plaintiff was to have one-half the discount, in addition to the legal rate of interest, in consideration of the use of his money, and nothing else. If there was any other thing that he did or agreed to do, in consideration of the defendant's promise to pay this additional compensation, we have failed to find it. Plaintiff did nothing more than loan the defendant one thousand two hundred dollars. True, defendant agreed to pay that amount on a particular debt, and in so doing he made something over three hundred and eighty dollars; but his agreement to pay plaintiff the half of that sum was in consideration of the loan, and as compensation for the use of the money. The transaction, even.

from plaintiff's standpoint will bear no other interpretation. We are also ready to agree with plaintiff's counsel when they say that a loan is free from usury where, in lieu of interest, a share of the profits expected to be realized by the borrower is agreed bona fide to be given to the lender as compensation for the loan. *Johnston v. Ferris,* 14 Daly, 302; *Goodrich v. Rogers,* 101 Ill. 523. But it is also true that a stipulation for a share of the profits in addition to the principal and legal interest is usurious. *Sweet v. Spence,* 35 Barb. (N. Y.) 44. The rule is well stated by Chancellor Walworth in *Colton v. Dunham,* 2 Paige, 269, as follows: "Whenever, by the agreement of the parties, a premium or profit beyond the legal rate of interest, for a loan or advance of money is, either directly or indirectly, secured to the lender, it is a violation of the statute, unless the loan or advance is attended with some contingent circumstances by which the principal is put in evident hazard. A contingency merely nominal, with little or no hazard to the principal of the money loaned or advanced, cannot alter the legal effect of the transaction.  *  *  * Where there is a negotiation for a loan or advance of money, and the borrower agrees to return the amount advanced at all events, it is a contract of lending;  *  *  * and whatever shape or disguise the transaction may assume, if a profit beyond the legal rate of interest is intended to be made out of the necessities or improvidence of the borrower, or otherwise the contract is usurious." See, also, *Brakeley v. Tuttle,* 3 W. V. 133; *Cleveland v. Loder,* 7 Paige, 557; *Leavitt v. De Launy,* 4 N. Y. 363; *Browne v. Vredenburgh,* 43 N. Y. 195; *Barnard v. Young,* 17 Ves. 44; *Clift v. Barrow,* 108 N. Y. 187 (15 N. E. Rep. 327,—which illustrate the exception stated by Chancellor Walworth. See, also *Canal Co. v. Vallette,* 62 U. S. 414 (16 L. Ed. 154). The case is not ruled by *Comstock v. Wilder,* 61 Iowa, 274, relied upon by plaintiff. There the lender received no more than the legal rate of interest for his loan. We are of opinion that, no matter what the point of view, the contract sued on is usur-

ious.   Plaintiff should have judgment for the sum of one thousand two hundred dollars, without interest or costs, and a decree foreclosing his mortgage for the amount of said judgment.   Judgment should also be rendered against defendant Burnett, and in favor of the school fund of Taylor county, for eight cents per hundred per year on the said sum of one thousand two hundred dollars, and the costs should be taxed to plaintiff.   The case is remanded for a decree in harmony with this opinion.—REVERSED.

GRANGER, C. J., not sitting.