E. E. GRISWOLD and HATTIE GRISWOLD, Appellees, v. ANDREW DUGANE and ROSE ADAMS, Appellants.

**Usury:** PLEADINGS: SUFFICIENCY. Where the petition in an action for the recovery of instruments evidencing an indebtedness from plaintiff to defendant disclosed that the return of the instruments was sought on the ground that the money borrowed in the transaction had been fully paid, with lawful interest, and that under the facts alleged defendant was not entitled to retain the instruments unless some of the payments were made as commissions for procuring the loan, the question of usury was in issue and was properly submitted to the jury.

**Same.** Any agreement made by a borrower with one acting as the agent of the lender to pay a commission in addition to the maximum rate of interest will render the transaction usurious.

**Trial:** REMARKS OF COURT: PREJUDICE. Where the question of the genuineness of a signature was immaterial the remarks of the court in excluding evidence upon that subject are held to have been nonprejudicial.

**New trial:** MOTION TO STRIKE: HARMLESS RULING. Any error in striking from the record a motion for a new trial is not prejudicial, where the party by appeal may raise every ground urged in support of the motion for a new trial.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, SEPTEMBER 27, 1910.

ACTION in replevin to recover the possession of certain instruments purporting to show an indebtedness from plaintiffs to the defendant Rose Adams and certain other instruments purporting to assign to said Rose Adams by way of security the wages to become due to the plaintiff E. E. Griswold from the Chicago, Rock Island &

Pacific Railroad Company. The fact alleged as a basis for the recovery of the possession of the instruments was substantially that the indebtedness represented and secured thereby had been extinguished. The defense was that the sum of $100 yet remained due, evidenced and secured by said instruments. There was a verdict for the plaintiffs, and the defendants appeal. *Affirmed.*

*E. W. Griffiths,* for appellants.

*C. W. Bingham,* for appellees.

McCLAIN, J.—It is perfectly clear, under the evidence, that the instruments in question were executed in a transaction between plaintiffs and defendant Dugane relating to the borrowing of money in which plaintiffs received at one time $80 and at another time $20, and that within one year plaintiffs had paid to Dugane the sum of $110 which had been more than the money received, with interest thereon at eight percent, the largest percent which can lawfully be contracted for in this state, and that, if the transaction was in fact or effect a loan of money by Dugane to the plaintiffs, then no further sum was due on, or secured by the instruments in question, and the plaintiffs were entitled to the possession thereof. To meet this *prima facie* case the defendants alleged and sought to prove that Dugane in fact was loaning the money of his codefendant, Rose Adams; that he exacted from the plaintiffs in addition to the legal rate of interest to be paid to her a further sum by way of commission for procuring the money for plaintiffs; and that the payments made by the plaintiffs, were so made and had been applied first to the extinguishment of said commission, leaving the sum of $100 still due from plaintiffs to Rose Adams. It may be conceded that the instruments introduced in evidence tended to show the creation of an in-

debtedness of plaintiffs to Rose Adams to the sum of
$150, but, whatever may have been the nature of the
instruments, if as a matter of fact the transaction was
a loan of money by Dugane to plaintiffs in the total
sum of $100, and this amount of money with lawful inter-
est thereon had been repaid to Dugane, then the indebted-
ness had been extinguished and Rose Adams (who did
not claim to be an innocent purchaser for value or to
otherwise have acted in the transaction except through
Dugane who represented her) had no further right under
the instruments.   The statute expressly prohibits the re-
ceiving directly or indirectly in money or any other thing
of value any greater sum or value for the loan of money
than the statutory rate of interest.   Code, section 3040.
Appellants do not controvert this general proposition, but
they insist, first, that the question of usury was not raised
in the case and that the instruction of the court submit-
ting that question to the jury was therefore erroneous;
and, second, that the evidence did not support the verdict.

I.   While it is true that the word "usury" is not
employed in the pleadings, it is perfectly apparent that
the plaintiffs were claiming the return of the instruments
on the ground that the money borrowed in
the transaction with Dugane with lawful
interest thereon had been paid, and that
the defendants perfectly understood that, under the facts
relied on by the plaintiffs, they were not entitled to retain
possession of the instruments unless the fact that some
of the payments made to Dugane were by way of com-
mission for the procurement of a loan could be established.
The question of usury was therefore raised by the allega-
tions of the pleadings, and was properly submitted to
the jury.

II.   The only question of fact about which there was
any real controversy was whether the money advanced

to plaintiffs by Dugane was so advanced by him as lender

2. SAME.

or was money procured by him as agent for plaintiffs from Rose Adams; for it is perfectly clear that, if Dugane acted as agent for Rose Adams, any commission agreed upon in addition to the legal rate of interest of eight percent would render the transaction usurious. *McNeely v. Ford,* 103 Iowa, 508; *Weaver v. Burnett,* 110 Iowa, 567. Now the evidence quite 'clearly shows that plaintiffs in dealing with Dugane did not understand that he was acting as their agent to procure a loan from Mrs. Adams. This question was properly submitted to the jury, and the verdict has ample support in the evidence.

III.    Complaint as to a remark made by the court in excluding certain evidence is without merit in view of the form in which the case was submitted to the jury.

3. TRIAL: remarks of court: prejudice.

The evidence excluded related to the genuineness of the signatures of Mrs. Griswold to certain instruments introduced in evidence, and, as the genuineness of such signatures was in no way material, what was said by the court in excluding the evidence with reference thereto could not have been prejudicial to the defendants.

IV.    Error was assigned in striking defendant's motion for a new trial from the records on the ground that no copy thereof was filed with said motion. The

4. NEW TRIAL: motion to strike: harmless ruling.

ruling seems to have been in accordance with the provisions of the statute; but, at any rate, it was not in the least prejudicial to the defendants, for in their appeal they have had the advantage of every ground for new trial set up in their motion. The judgment is *affirmed.*